FRANCIS O. GAFFNEY, PROSECUTING ATTORNEY, v. FRED H. ALDRICH, CIRCUIT JUDGE OF MISSAUKEE COUNTY.

*Criminal· law—Preliminary examination—Discharge—Jeopardy.*

A discharge by a justice of the peace, upon the examination of a person charged with crime, is not a bar to his subsequent arrest, examination, and trial for the same offense, when the testimony upon both examinations is substantially the same. *People v. Pline*, 61 Mich. 247.

*Mandamus.* Submitted April 8, 1891. Granted April 15, 1891.

Relator applied for *mandamus* to compel respondent to

vacate an order quashing an information.  The facts are stated in the opinion.

*A. A. Ellis,* Attorney General, for relator.

*D. E. McIntyre,* for respondent.

PER CURIAM.  The sole question in this case is whether a discharge by a justice of the peace, upon the examination of a person charged with crime, constitutes a bar to his subsequent arrest, examination, and trial for the same offense, when the testimony upon the second examination is substantially the same as that produced upon the first.

We think the case is ruled by the principle enunciated in *People v. Pline,* 61 Mich. 247.  No proceeding in a criminal case can operate as a bar to further prosecution until the accused has been put in jeopardy, and this cannot occur until he has been placed upon trial.  The law presumes that prosecuting attorneys, in bringing and conducting such examinations, will act in good faith towards both the people and the accused, and that they will not subject an accused person to a second examination without good reason.  The only questions upon such examination are—

1. Has a crime been committed?

2. Is there probable cause shown by the evidence to believe the prisoner guilty?

The rule contended for by the respondent would seriously cripple the proper administration of the criminal law in ways which will readily suggest themselves to any one.

The order of the circuit court, quashing the information, must be set aside, and the court directed to proceed with the trial of the accused.