Hillsborough, &#125;
  June, 1899. &#125;

## STATE v. BELDEN.

A plea of former conviction is not supported by evidence of an arraignment in an inferior court, and a binding over upon a plea of guilty.

INDICTMENT, for aggravated assault. The state put in evidence the complaint upon which the respondent was arraigned in the police court, and to which he pleaded guilty. The offence was charged in the following language: " With force and arms did make an assault upon one Cleophas Twombly, and him, the said Cleophas Twombly, did then and there beat, bruise, and ill-treat, and other wrongs to the said Cleophas Twombly then and there did," etc. Upon this complaint and plea the respondent was bound over. After the introduction of this evidence, the respondent asked and was granted leave to plead a former conviction, and upon this plea moved that a verdict be directed in his favor. Subject to his exception, this motion was denied. He then moved that both the general issue and plea of former conviction be submitted to the jury, but, subject to exception, this motion was also denied, and the case was submitted to the jury upon the general issue only.

*James P. Tuttle*, solicitor, for the state.

*John G. Crawford*, for the defendant.

PIKE, J. It is not necessary to consider whether the respondent was lawfully bound over. It is sufficient that there was no trial in the police court upon the merits. *Marston* v. *Jenness*, 11 N. H. 156, 158; *State* v. *Runnals*, 49 N. H. 498, 502; *State* v. *Hodgkins*, 42 N. H. 476. Upon this question the character of the order is conclusive. *Commonwealth* v. *Harris*, 8 Gray 470, 479. The hearing was only an examination to determine if there were probable grounds to hold the respondent to answer further. The police court must have ruled that the complaint sufficiently charged an aggravated assault, and, having no jurisdiction of such an offence, bound the respondent over. This did not constitute a conviction. *United States* v. *Lumsden*, 1 Bond 5, 7; *Duffy* v. *Britton*, 47 N. J. Law 251, 253; *Gaffney* v. *Aldrich*, 85 Mich. 138; *State* v. *Jones*, 16 Kan. 608, 610. There was no evidence to support the respondent's plea of former conviction, and his several motions were properly denied.

*Exceptions overruled.*

PEASLEE, J., did not sit: the others concurred.