PEOPLE v ALFORD

Docket No. 49337. Submitted September 3, 1980, at Lansing.—Decided November 5, 1980.

Robert M. Alford pled guilty to breaking and entering a store pursuant to a plea-bargain agreement, Genesee Circuit Court, Robert M. Ransom, J. He appeals, alleging that the agreement of the prosecutor not to charge him as an habitual criminal caused the plea-bargain agreement to be illusory because the prosecutor was precluded from filing an habitual criminal charge at the time the plea was accepted. *Held:*

Defendant had not yet been convicted of the crime charged when he pled guilty, and, thus, the prosecutor was not precluded from bringing an habitual offender charge after the plea. Defendant was apprised of the prosecutor's ability to bring the habitual offender charge. Accordingly, the plea-bargain agreement entered into by defendant was not illusory, and his plea must stand.

Affirmed.

1. PROSECUTING ATTORNEYS — HABITUAL CRIMINAL CHARGES — TIME OF FILING.

A prosecutor should proceed promptly against a defendant known to have a record of a prior felony conviction where he seeks to charge him as an habitual criminal; only a prosecutor's lack of awareness of a prior felony conviction record or a need to verify out-of-state convictions excuse the filing of an habitual criminal charge after a defendant's conviction of a current offense.

2. PROSECUTING ATTORNEYS — HABITUAL CRIMINAL CHARGES — PLEA BARGAINS.

A prosecutor may threaten to charge a defendant with an habitual offender prosecution, if applicable, in order to induce a plea

REFERENCES FOR POINTS IN HEADNOTES

[1] 39 Am Jur 2d, Habitual Criminals and Subsequent Offenders §§ 18, 20.

[2] 21 Am Jur 2d, Criminal Law § 491.5.

39 Am Jur 2d, Habitual Criminals § 22.

or may promise to forego such a prosecution in exchange for a plea.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert E. Weiss,* Prosecuting Attorney, and *Donald A. Kuebler,* Chief Appellate Division, for the people.

*Green, Haldy, Gibbs & McCabe,* for defendant on appeal.

Before: M. F. CAVANAGH, P.J., and M. J. KELLY and BEASLEY, JJ.

PER CURIAM. The defendant pled guilty to the charge of breaking and entering a store building, MCL 750.110; MSA 28.305. Defendant contends that the prosecution's agreement not to charge the defendant as an habitual criminal caused the plea agreement to be illusory because the prosecution was precluded from filing that charge at the time the plea was accepted.

We find the defendant's argument to be without merit.

*People v Fountain,* 407 Mich 96; 282 NW2d 168 (1979), stands for the proposition that the prosecution must proceed promptly against a defendant known to have a prior felony record when seeking to charge the defendant as an habitual criminal. Only the prosecutor's lack of awareness of the prior felony or the need to verify out-of-state convictions excuse the filing of the habitual criminal charge after the defendant's *conviction* of the current offense. *People v Hendrick,* 398 Mich 410; 247 NW2d 840 (1976).

Legislation which allows a defendant to be charged as an habitual criminal, MCL 769.10 *et seq.;* MSA 28.1082 *et seq.,* "increases punishment

'because of the apparent persistence in the commission of crime by the person convicted and his indifference to the laws deemed necessary for the protection of the people and their property'. *People v Palm,* 245 Mich 396, 401; 223 NW 67 (1929)". *Hendrick, supra,* 416.

"The use of a potential habitual offender charge as a plea bargaining tool has been upheld in a recent decision of the United States Supreme Court. *Bordenkircher v Hayes,* 434 US 357; 98 S Ct 663; 54 L Ed 2d 604 (1978). Under *Bordenkircher,* a prosecutor may threaten to charge a defendant with a habitual offender prosecution, if applicable, in order to induce a plea, or may promise to forego such a prosecution in exchange for a plea. On its face the plea bargain in the case at bar thus would be valid and enforceable." *People v Roderick Johnson,* 86 Mich App 77, 78; 272 NW2d 200 (1978).

In *Fountain, supra,* 99, the Court found that the prosecutor had reliable information about the defendant's prior felony convictions but did not charge the defendant as an habitual criminal until after conviction on the current felony charge. The Court said, "The habitual offender charges should have been filed with the information which charged the last felony to provide fair notice to the accused and avoid an appearance of prosecutorial impropriety".

In the present case, even though no information had been filed charging the defendant as an habitual criminal, the defendant was apprised of the prosecutor's ability to so charge him. The defendant chose to offer a plea of guilty in exchange for the prosecutor's foregoing the habitual criminal charge. The defendant informed the court that he was on parole at the time he appeared before the trial court to enter his plea. It was also brought to

the court's attention that the defendant had spent nine of the last ten years before his arrest on the present charge in the custody of the Michigan Department of Corrections.

The defendant's case had not proceeded to trial, and so there was no conviction that would preclude the prosecution from bringing the habitual offender charge. The prosecutor's offer not to charge the defendant as an habitual offender was an agreement to refrain from bringing a charge which the prosecutor had the power to bring. Accordingly, the plea agreement entered into by the defendant was not illusory.

We find no evidence of prosecutorial impropriety in the record. The trial court's acceptance of the plea was in accordance with GCR 1963, 785.7. The defendant's plea of guilty must stand.

Affirmed.