PEOPLE v HOLLIE

Docket No. 54253. Submitted September 16, 1981, at Detroit.—Decided November 23, 1981.

Michael Hollie pled guilty to possession of heroin, Detroit Recorder's Court, Robert L. Evans, J. He appeals, alleging that his plea was involuntarily made and that the trial court erred in failing to inform him that his sentence would be consecutive to a previously imposed sentence. *Held:*

1. The record reveals that the defendant's plea was made freely and voluntarily and that it was not induced by an illusory promise by the prosecutor. *Ex parte* statements offered as evidence of an illusory bargain are insufficient grounds to support a determination of error requiring reversal. The trial court properly accepted the defendant's plea.

2. The trial court had no duty to inform the defendant that the sentence it would impose would be consecutive under the facts of this case.

Affirmed.

1. APPEAL — CRIMINAL LAW — GUILTY PLEAS.

A trial court must be convinced that a defendant's guilty plea is voluntarily made before accepting it, and, where the record reveals that the defendant's plea was freely and voluntarily made and was not induced by an illusory promise by the prosecutor, *ex parte* statements to the contrary are insufficient grounds for the Court of Appeals to determine that error requiring reversal occurred (GCR 1963, 785.7[5]).

2. CRIMINAL LAW — SENTENCING — GUILTY PLEAS — CONSECUTIVE SENTENCES.

A trial court has no duty to inform a criminal defendant at a plea-taking proceeding that any sentence imposed will be consecutive where the defendant is a prison escapee and a consecu-

REFERENCES FOR POINTS IN HEADNOTES

[1] 4 Am Jur 2d, Appeal and Error § 271.
   21 Am Jur 2d, Criminal Law § 470.
[2] 21 Am Jur 2d, Criminal Law §§ 188, 552.
   27 Am Jur 2d, Escape, Prison Breaking, and Rescue § 20.

tive sentence is mandated by statute, his previous, unspecified sentence is not before the court, and the court is setting a sentence only for a conviction in the case before it (MCL 768.7a; MSA 28.1030[1]).

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Janice M. Joyce,* Assistant Prosecuting Attorney, for the people.

*Pamela E. Griffin,* for defendant on appeal.

Before: N. J. KAUFMAN, P.J., and R. M. MAHER and D. C. RILEY, JJ.

PER CURIAM. From a plea conviction of possession of heroin, MCL 333.7401(2)(a); MSA 14.15(7401), defendant appeals as a matter of right, alleging that his plea should be set aside because it was not voluntarily made and because the trial court erred in failing to inform him that this sentence would be consecutive to a previously imposed sentence.

GCR 1963, 785.7(5) requires that the trial court must be convinced that a defendant's plea is voluntarily made before accepting it. In the instant case, defendant contends that he pled guilty solely because the prosecutor agreed not to file a supplemental information against him, pursuant to the habitual offender act, MCL 769.10 *et seq.;* MSA 28.1082 *et seq.,* and that the promise was illusory. *People v Fountain,* 407 Mich 96; 282 NW2d 168 (1979). We have reviewed the record, and we cannot agree. The following colloquy indicates that defendant's plea was made voluntarily.

"*The Court:* In any event, I told your lawyer that if you offered a guilty plea in this case, that your sentence

would be two to four. Is it your intention to plead guilty in this case?

"*[Defendant Hollie]:* Yes.

\*   \*   \*

"*The Court:* Mr. Hollie, did anyone threaten you or promise you anything, except what I just told you?

"*[Defendant Hollie]:* No.

"*The Court:* Are you pleading guilty freely and voluntarily?

"*[Defendant Hollie]:* Yes."

The record is clear that defendant's plea not only was entered freely and voluntarily but also that a promise not to institute habitual offender charges was not part of the bargain.

The only evidence which supports defendant's claim that an illusory promise not to file a supplemental information was made to him is found on the guilty plea form which he signed. Defendant's attorney had filled in the blanks on the form, and defendant signed the form. One section states in printed form, "[n]o one has forced me to plead guilty and no promises have been made to me except:", and then penned in, "Sentence bargain of 2-4, Waiver of Habitual". This *ex parte* statement claiming "waiver of habitual" is insufficient for this Court to find error. The defendant's statements, under oath, while counsel was present, establish that the only promise was the sentence bargain.

The defendant's second contention is that the trial court erred in failing to inform him during the plea-taking session that his sentence must be consecutive to a previously imposed sentence. In this case, defendant was an escapee from a penal institution; therefore, MCL 768.7a; MSA 28.1030(1) mandated a consecutive sentence. "There is no court rule which explicitly requires the court to

inform the defendant at the guilty-plea proceeding that the sentence will be consecutive." *People v Mitchell,* 102 Mich App 554, 556; 302 NW2d 230 (1980).

In *Mitchell,* the defendant was sentenced on a second-degree murder conviction and a felony-firearm conviction. The trial judge misstated the law, commenting that the felony-firearm sentence would be *concurrent* with the murder sentence. MCL 750.227b(2); MSA 28.424(2)(2) requires the felony-firearm sentence to be served *consecutively* to that imposed for conviction of the underlying felony. This Court could have remanded on this basis alone. However, the *Mitchell* Court went on to say, "[w]e hold that, where consecutive and/or mandatory sentencing is ordered by statute, the defendant must be informed of that fact so that he has full knowledge of the true minimum time he will serve by pleading guilty". *Id.,* 557.

*Mitchell* is distinguishable from this case before us. The trial court in *Mitchell* had before it both convictions for which sentences were to be set during the same proceeding. In this case, the trial judge was only setting sentence for the possession conviction. The previous, unspecified sentence was not before the court. We conclude that the broad holding of *Mitchell* does not apply in this case.

Affirmed.