PEOPLE v LEONARD

Docket No. 52472. Submitted September 14, 1981, at Grand Rapids.—
Decided December 15, 1981.

Quincy Leonard was convicted, on his plea of guilty, of breaking
and entering with intent to commit larceny, Berrien Circuit
Court, Zoe S. Burkholz, J. In exchange for the guilty plea the
prosecutor had agreed to forego habitual offender proceedings
against the defendant. Defendant appeals, alleging that the
plea bargain was illusory because the prosecutor had not filed
habitual offender charges at the time the original information
was filed. *Held:*

The prosecutor was not required to institute an habitual
offender charge at the time of filing the information on the
breaking and entering charge. The defendant promptly was
given fair notice that the prosecutor intended to proceed under
the habitual offender act, and a plea bargain was thereafter
reached. The bargain was not illusory.

Affirmed.

1. CRIMINAL LAW — HABITUAL OFFENDERS — PROSECUTING ATTOR-
NEYS.

The rule requiring a prosecutor to proceed promptly against a
person as an habitual offender does not require that such a
charge be instituted prior to arraignment on a current charge
as long as the action is prompt and provides fair notice to the
defendant sufficiently in advance of trial on the current charge.

2. CRIMINAL LAW — HABITUAL OFFENDERS — GUILTY PLEAS.

A prosecutor's offer to forego filing a supplemental information
against a defendant as an habitual offender in exchange for a
guilty plea did not render the plea bargain illusory where the
prosecutor promptly notified the defendant of his intent to

REFERENCES FOR POINTS IN HEADNOTES
[1] 39 Am Jur 2d, Habitual Criminals and Subsequent Offenders
§§ 17.5, 18, 19.
63 Am Jur 2d, Prosecuting Attorneys § 27.
[2] 21 Am Jur 2d, Criminal Law §§ 481, 485.

proceed under the habitual offender act and then entered into the plea bargain.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *John A. Smietanka,* Prosecuting Attorney, and *Angela Baryames,* Assistant Prosecuting Attorney, for the people.

*Charles F. Schofield,* for defendant on appeal.

Before: R. B. BURNS, P.J., and T. M. BURNS and ALLEN, JJ.

R. B. BURNS, P.J. Defendant was charged by information on February 1, 1980, of the offense of breaking and entering with intent to commit larceny in violation of MCL 750.110; MSA 28.305.

On February 4, 1980, in pursuance of a plea agreement, defendant pled guilty to the charged offense. The agreement provided that the prosecution would not file a supplemental information on the defendant.

On appeal defendant claims the bargain was illusory because the prosecution violated the rule set forth in *People v Fountain,* 407 Mich 96, 98; 282 NW2d 168 (1979), to wit: "A prosecutor who knows a person has a prior felony record must promptly proceed, if at all, against the person as an habitual offender".

*Fountain* and *People v Young,* 410 Mich 363; 301 NW2d 803 (1981), the two cases wherein the Supreme Court discusses this issue, are both cases that involve the issuance of a supplemental information after the defendant has been convicted. There are no cases decided by the Supreme Court which involve the issuance of a supplemental information *prior* to conviction. However, *People v Ruff,* 108 Mich App 716; 310 NW2d 852 (1981),

held that "promptly proceed" means any time prior to trial.

GCR 1963, 785.7(1)(c) requires a trial court to inform a defendant who is pleading guilty that, "if he has been previously convicted of a felony, he may be charged as a habitual offender and the maximum possible sentence may be increased". This rule must contemplate that the prosecutor be permitted to file a supplemental information after the arraignment.

The use of a potential habitual offender charge as a plea-bargaining tool has been upheld by the United States Supreme Court. *Bordenkircher v Hayes,* 434 US 357; 98 S Ct 663; 54 L Ed 2d 604 (1978).

*People v Alford,* 101 Mich App 446; 300 NW2d 593 (1980), and *People v Haywood,* 97 Mich App 621; 296 NW2d 127 (1980), both hold that a prosecutor may proceed to bring charges under the habitual offender act as long as the prosecutorial action is prompt and provides fair notice to the defendant sufficiently in advance of the trial on the current charge.

In the present case the prosecutor promptly gave the defendant fair notice that he would proceed under the habitual offender act and a bargain was consummated. The prosecutor's agreement to forego filing a supplemental information did not render the plea bargain illusory.

Affirmed.