PEOPLE v WALLS

Docket No. 58082. Submitted March 15, 1982, at Detroit.—Decided July 12, 1982.

Defendant, Eric D. Walls, was charged with second-degree criminal sexual conduct. A preliminary examination was held in district court before Judge Thomas Smith. At the hearing the three-year-old victim of the alleged crime did not testify. Instead, the victim's mother testified to statements made to her by the victim two days after the incident. Defendant was bound over for trial. The case was assigned to be heard in the Wayne Circuit Court before Judge William Leo Cahalan. Defendant brought a motion to quash, challenging the use of the mother's hearsay testimony at the preliminary examination. The prosecution argued that the testimony was admissible under the tender-years exception to the hearsay rule. The defense argued that with the adoption of the new Michigan Rules of Evidence the tender-years exception no longer existed and, even if it did, was not applicable. Judge Cahalan ordered the case remanded to district court for the reason that there was insufficient evidence to bind defendant over for trial. He further ordered that the hearsay testimony of the mother be admitted only to corroborate the victim's testimony. Another preliminary examination was held in district court. The three-year-old victim took the stand and answered questions posed by the judge and prosecutor. The prosecutor then moved to nolle prosequi the case. No appeal of Judge Cahalan's order ever issued from the prosecutor's office. Instead, defendant was rearrested and rearraigned on an increased charge of first-degree criminal sexual conduct. The charge arose from the same incident as was alleged in the earlier charge. The same witnesses were endorsed by the prosecution. Another preliminary examination was held, this time before District Court Judge Evan H. Callanan. Hearsay testimony by the victim's mother was admitted, contrary to Judge Cahalan's earlier order. The defense objected and argued that Judge Cahalan's order was binding on the district court and that the case was not new but was the old

REFERENCE FOR POINTS IN HEADNOTE
21A Am Jur 2d, Criminal Law §§ 836, 837.

one refiled to engage in judge shopping. Defendant argued that to permit the prosecutor to continually refile the case until a favorable evidentiary ruling on the testimony was obtained would destroy defendant's due process right to a fair proceeding. Judge Callanan ruled against defendant and once again defendant was bound over for trial. Defendant moved in the circuit court to dismiss the case for defective bindover. On February 20, 1981, Judge John R. Kirwan ordered the case remanded to the district court. He held that the bindover was improper in that the district court had admitted the hearsay testimony in violation of Judge Cahalan's May 5, 1980, order. He held that principles of due process of law and collateral estoppel prohibit the avoidance of such order by refiling the criminal action under the pretext of a new case. The court ordered that any further preliminary examinations in this matter be held within the framework of Judge Cahalan's order. The prosecution appealed by leave granted. *Held:*

The circumstances clearly show an attempt to engage in "judge shopping". Raising the charge from second-degree to first-degree criminal sexual conduct indicates harassment in this case. The prosecutor's conduct deprived defendant of his due process right to a fair proceeding.

Warrant and complaint quashed.

CRIMINAL LAW — DUE PROCESS — SUCCESSIVE PROSECUTIONS.

Successive prosecutions for the same offense may, under certain circumstances, constitute a violation of a defendant's due process rights to a fair proceeding where the prosecutor engages in judge shopping.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *A. George Best, II,* Assistant Prosecuting Attorney, for the people.

*Allen, James & Witthoff, P.C.,* for defendant.

Before: J. H. GILLIS, P.J., and N. J. KAUFMAN and N. J. LAMBROS,* JJ.

J. H. GILLIS, P.J. The prosecutor appeals, by

* Circuit judge, sitting on the Court of Appeals by assignment.

leave granted, a February 20, 1981, order remanding this criminal prosecution to the district court for a new preliminary examination.

Defendant herein was originally charged in Wayne County Circuit Court No. 80-003-906-FY with one count of second-degree criminal sexual conduct, MCL 750.520c; MSA 28.788(3). A preliminary examination was held in district court before Judge Thomas Smith. At the hearing the three-year-old victim of the alleged crime did not testify. Instead, the victim's mother, Candice Nimens, testified to statements made to her by the victim two days after the incident. Defendant was bound over for trial.

The case was assigned to be heard in circuit court before Judge William Leo Cahalan. Defendant brought a motion to quash, challenging the use of Candice Nimens's hearsay testimony at the preliminary examination. The prosecution argued that the testimony was admissible under the tender-years exception to the hearsay rule. The defense argued that with the adoption of the new Michigan Rules of Evidence the tender-years exception no longer existed and, even if it did, was not applicable.

On May 5, 1980, Judge Cahalan ruled in favor of defendant. He ordered the case remanded to district court for the reason that there was insufficient evidence to bind defendant over for trial. He further ordered that the hearsay testimony of Candice Nimens be admitted only to corroborate the victim's testimony.

On June 9, 1980, a second preliminary examination was held in district court. The three-year-old victim took the stand and answered questions posed by the judge and prosecutor. The prosecutor then moved to nolle prosequi the case.

No appeal fo Judge Cahalan's order ever issued from the prosecutor's office. Instead, on July 8, 1980, defendant was rearrested and rearraigned on an increased charge of first-degree criminal sexual conduct, MCL 750.520b; MSA 28.788(2). The charge arose from the same incident as was alleged in the earlier charge. The same witnesses were endorsed by the prosecution.

On July 14, 1980, another preliminary examination was held, this time before District Court Judge Evan H. Callanan. Candice Nimens's hearsay testimony was admitted, contrary to Judge Cahalan's earlier order. The defense objected and argued that Judge Cahalan's order was binding on the district court; that the case was not new but was the old one with a purpose to engage in judge shopping. Defendant argued that to permit the prosecutor to continually refile the case until a favorable evidentiary ruling on Ms. Nimens's testimony was obtained would destroy defendant's due process right to a fair proceeding. Judge Callanan ruled against defendant and once again defendant was bound over for trial.

Defendant moved in the circuit court to dismiss the case for defective bindover. On February 20, 1981, Judge John R. Kirwan ordered the case remanded to the district court. He held that the bindover was improper in that the district court had admitted the hearsay testimony of Candice Nimens in violation of Judge Cahalan's May 5, 1980, order. He held that principles of due process of law and collateral estoppel prohibit the avoidance of such order by refiling the criminal action under the pretext of a new case. The court ordered that any further preliminary examinations in this matter be held within the framework of Judge Cahalan's order. The prosecution appeals.

In *People v Nevitt,* 76 Mich App 402, 403; 256 NW2d 612 (1977), this writer served on a panel which criticized the procedure employed by the prosecutor herein. However, we could find no grounds upon which to prevent it. We stated:

"In its opinion the circuit judge characterized the prosecutor's methods as 'judge shopping' and stated that such a procedure was improper.
"We likewise find the prosecutor's methodology to be in actuality 'judge shopping' and find such tactics to be offensive. However, because we can find no law preventing this course of action, we feel constrained to reverse the circuit judge in this case."

The opinion does not reveal whether a due process violation was specifically argued by the defendant in that case. Rather, we cited a Michigan Supreme Court case which broadly states that because jeopardy has not attached there is no bar to the prosecutor's recharging the defendant on the same evidence. *People v Miklovich,* 375 Mich 536, 539; 134 NW2d 720 (1965).

A recent opinion by this Court closely examined, from a due process perspective, a course of action similar to that taken by the prosecutor in the instant case. The Court found that such practice violates a defendant's right to due process of law if the repeated prosecution clearly constitutes harassment. *People v George,* 114 Mich App 204, 214; 318 NW2d 666 (1982). The Court stated:

"We believe that this Court in *People v Laslo* [78 Mich App 257; 259 NW2d 448 (1977)], first acknowledged the power recognized in *Jones v Oklahoma* [481 P2d 169 (Okla Cr, 1971)], and many other jurisdictions, to curtail the state's right to repeatedly proceed against the individual in those limited instances when the repeated prosecution clearly constitutes harassment."

In *George,* the defendants were bound over for trial after a preliminary examination. Their subsequent motions to quash were granted. The prosecutor initiated an appeal but later asked that it be dismissed because it was not supported by the record. The prosecutor then recharged the defendants for the identical crimes alleged in the first complaint and warrant. At a hearing held on the defendants' motions to quash, the prosecution admitted it had no new evidence.

After holding that repeated prosecutions may be violative of due process rights where harassment is clearly indicated, the *George* Court concluded that the facts before it presented such a case. The circumstances which pointed to harassment included the prosecution's request that its appeal be dismissed because it was not supported by the record. The Court also noted the lack of any evidence which had not been available at the first proceeding, the only additional evidence being cumulative. The Court concluded that the trial judge had properly put a stop to the harassing tactics. The order quashing the second warrant and complaint was affirmed.

*People v Laslo, supra,* relied upon by the *George* Court, provides an example of a case in which repeated prosecutions did not constitute harassment. The charges brought against the defendant in *Laslo* were twice dismissed by the examining magistrate. The first dismissal resulted from the prosecutor's inability to proceed because his witnesses were not available. The prosecutor had not prepared for the examination in the belief that a plea bargain had been reached.

The second dismissal of charges was due to the failure of a witness to appear. The witness was needed to establish an element of the crime. Fi-

nally, the defendant was bound over on the third try and was subsequently convicted. On appeal, the defendant argued that the procedure resulted in harassment and a denial of due process.

In rejecting the argument, the Court specifically noted that judge shopping was not involved since the same magistrate had presided at each of the preliminary examinations. Furthermore, the prosecutor in that case brought additional evidence to the final preliminary examination. Finally, it was determined that the course taken by the prosecutor was the product of ineptness rather than an attempt to harass.

The facts before us presently demonstrate quite the opposite. A clearer case of judge shopping does not come to mind. Rather than appeal the unfavorable evidentiary ruling, a remedy available to the prosecution, MCL 770.12(1)(c); MSA 28.1109(1)(c), the prosecutor here requested dismissal and started over again. He thereby freed the proceedings of the unfavorable ruling. The issue of the tender-years exception to the hearsay rule could be reargued before a different judge with the chance that this new judge might be persuaded by the prosecutor's argument.

An indication that this procedure was an attempt to harass is found in the prosecutor's decision to raise the charge from second-degree to first-degree criminal sexual conduct. No new or additional evidence was proffered to suggest that the crime occurred in a manner other than as originally thought.

In effect, the prosecutor's course of action punishes defendant for successfully arguing in the first action that the testimony of Ms. Nimens was untrustworthy and must be excluded under the rules of evidence. The practice suggests that a

defendant should wait until jeopardy has attached before challenging evidence admitted at the preliminary examination. Otherwise he faces the risk of a increased charge upon a favorable decision on the motion.

We do not mean to say that an increased charge upon reprosecution will always or even usually indicate harassment. We only find that it does so in this case.

Under these circumstances we hold that this second prosecution is violative of defendant's due process right to a fair proceeding. In *George,* the remedy for this was to quash the warrant and complaint. Under the authority of GCR 1963, 820.1(7), we hereby order that the warrant and complaint be quashed.