PEOPLE v TURMON

Docket No. 61923. Submitted March 24, 1983, at Detroit.—Decided
August 31, 1983.

Jonathon Turmon was charged with carrying a concealed
weapon. A preliminary hearing was held in Recorder's Court of
Detroit, at which the case was dismissed on the ground that the
evidence was obtained as the result of an illegal search. A
second warrant charging the same offense was issued and a
preliminary examination before a different judge resulted in
the defendant's being bound over for trial, but the information
was later quashed because the second warrant was found to be
defective. The prosecutor instituted proceedings a third time.
At the preliminary examination, before a third judge, defen-
dant was again bound over for trial. He subsequently pled
guilty to the charged offense, Recorder's Court of Detroit,
Clarice Jobes, J. Defendant appeals, alleging that the repeated
bringing of charges for the same offense constituted harassment
and judge shopping in violation of defendant's right to due
process of law. *Held:*

1. A defense grounded on the violation of a due process right
is not waived by a guilty plea.

2. The second prosecution was an attempt by the prosecutor
to argue the same issues a second time before a different judge.
No new evidence was presented. Therefore, the second prosecu-
tion and, consequently, the third prosecution were a denial of
defendant's right to due process of law.

Reversed and remanded for entry of an order quashing the
information.

MacKenzie, J., dissented. She would find that the prosecutor
did present new evidence at the second preliminary examina-
tion and that the third preliminary examination was necessary

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law §§ 473, 489.
[2] 21 Am Jur 2d, Criminal Law § 266.
[3] 21 Am Jur 2d, Criminal Law § 261.
[4] 21 Am Jur 2d, Criminal Law § 481
[5] 21 Am Jur 2d, Criminal Law §§ 527, 580.

in order to remedy a technical defect in the second warrant issued. She would not find a violation of due process. On defendant's other issues, she would find no error in the prosecutor's use of a potential habitual offender charge to induce the defendant's plea, but she would remand for resentencing because the sentencing court did not use an updated presentence report.

### Opinion of the Court

1. Criminal Law — Due Process — Multiple Prosecutions.

A criminal defense based upon a violation of the right to due process of law, such as an allegation that the repeated filing of warrants charging the same offense constituted harassment and judge shopping, is not waived by a defendant's plea of guilty.

2. Criminal Law — Due Process — Multiple Prosecutions.

Repeated prosecutions of a defendant for the same offense violated the defendant's right to due process of law where, after the first prosecution was dismissed on the basis of illegally obtained evidence, the prosecutor initiated proceedings again, arguing the issue before a different judge but offering no new evidence.

### Dissent by MacKenzie, J.

3. Criminal Law — Due Process — Multiple Prosecutions.

*Subjecting a defendant to multiple preliminary examinations for the same offense violates his right to due process of law if the prosecutor is attempting to harrass the defendant or is engaged in forum shopping; no due process violation occurs where, after the first prosecution is dismissed, the prosecutor at a subsequent preliminary examination presents new evidence or the new proceeding is intended to remedy a defect which led to the earlier dismissal.*

4. Criminal Law — Plea Bargain Negotiations — Habitual Offenders.

*A prosecutor may use a potential habitual offender charge as a tool in plea bargain negotiations so long as the prosecution is not, in fact, precluded from bringing an habitual offender charge.*

5. Criminal Law — Sentencing — Presentence Report.

*A defendant is entitled to a resentencing where the sentencing court did not use an updated presentence report.*

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *Janice M. Joyce Bartee,* Assistant Prosecuting Attorney, for the people.

*Oliver C. Nelson* and *Margaret A. Nelson,* for defendant on appeal.

Before: R. M. MAHER, P.J., and MACKENZIE and M. B. BREIGHNER,* JJ.

PER CURIAM. Defendant pled guilty to carrying a concealed weapon, MCL 750.227; MSA 28.424. Sentenced to from one to five years in prison, he appeals as of right.

On June 30, 1980, Officers Quinn and McNamara of the Detroit Police Department arrested defendant after a search of his person revealed a revolver. A warrant charging that defendant had committed the offense of carrying a concealed weapon was filed on July 1, 1980. A preliminary examination was conducted by Judge Dalton A. Roberson in Detroit Recorder's Court. At the conclusion of the hearing, Judge Roberson dismissed the case on the ground that the search was illegal. The people did not appeal this ruling. On August 29, 1980, a second warrant was issued against defendant alleging the same offense. A preliminary examination was held before Judge George W. Crockett, Jr. Judge Crockett bound over the defendant and an information was filed. Subsequently, defendant moved to quash the information or, in the alternative, for an evidentiary hearing. Defendant argued that the prosecutor was "forum shopping" and that the second warrant was defective

---

* Circuit judge, sitting on the Court of Appeals by assignment.

because it was not signed by Judge Roberson, the judge who dismissed the original warrant. The motion to quash was granted on the latter ground. The people did not appeal this ruling. On January 28, 1981, the prosecutor sought a third warrant against defendant alleging the same offense. Judge John H. Gillis, Jr., bound over defendant after a preliminary examination. On March 6, 1981, defendant pled guilty to the carrying a concealed weapon charge.

The defendant argues on appeal that the prosecutor's repeated filings of warrants charging defendant with the same offense constituted harassment and judge shopping in violation of defendant's right to due process of law.

We must first decide whether the defendant waived this claim by his plea of guilty. In *People v Alvin Johnson,* 396 Mich 424, 444; 240 NW2d 729 (1976), the Supreme Court recognized that a defense "grounded in the due process clause" is not waived by a guilty plea. The defendant in the present case asserts such a right. The particular due process violation alleged has the effect of preventing the people from proceeding to trial against the defendant. If the people's second or third attempt to prosecute defendant for the same offense infringed his right to due process of law, then the people are forever foreclosed from further prosecution of the defendant for that offense and, as a result, could not bring defendant to trial. Thus, the right asserted by defendant is not waived by a guilty plea:

"Whenever it is found that the result of the right asserted would be to prevent the trial from taking place we follow the lead of the United States Supreme Court and hold a guilty plea does not waive that right." 396 Mich 444.

We now proceed to the merits of defendant's claim. This Court has recognized that repeated prosecutions of a defendant for the same offense may violate the defendant's right to due process. In *People v Laslo,* 78 Mich App 257; 259 NW2d 448 (1977), the examining magistrate twice dismissed the charges against the defendant. On the third occasion, however, he was bound over to circuit court and eventually convicted by a jury. On appeal, the defendant argued that he had been harassed and had been the victim of judge shopping. This Court, while recognizing the claim, rejected defendant's argument. The Court noted that the same magistrate had presided over the three preliminary examinations, the prosecutor adduced additional evidence at the third examination, and the prosecutor's procedure was more a product of ineptness than an attempt to harass the defendant.

In *People v George,* 114 Mich App 204; 318 NW2d 666 (1982), *lv den* 414 Mich 931 (1982), however, this Court found that the repeated prosecutions of the defendant constituted harassment. The defendant and two codefendants were bound over for trial on four charges. Subsequently, they moved to quash. The motion was granted by the circuit court and the people appealed to this Court. The prosecutor then filed a motion to dismiss the appeal which this Court granted after defendant's two codefendants stipulated to the dismissal. About seven months later, the people charged the defendants again with the same crimes as originally alleged. They moved to quash and the court granted the motion. On review, this Court upheld the order quashing the information. It concluded that the second prosecution constituted harassment because at the later proceeding the people

had "no evidence that was unavailable at the time of the first proceeding". 114 Mich App 214.

In *People v Walls,* 117 Mich App 691; 324 NW2d 136 (1982), this Court agreed with the defendant's argument that the prosecutor, in repeatedly proceeding against the defendant, had been "judge shopping". After receiving an unfavorable evidentiary ruling on the defendant's motion to quash, the prosecutor requested dismissal of the case. The request was granted and the prosecutor reinitiated proceedings against the defendant. This Court remarked that a "clearer case of judge shopping does not come to mind". 117 Mich App 697. By starting over again, the evidentiary issue "could be reargued before a different judge with the chance that this new judge might be persuaded by the prosecutor's argument". *Id.* The Court also found that the defendant had been harassed. When the prosecutor started over, he raised the charge from second-degree to first-degree criminal sexual conduct. However, "[n]o new or additional evidence was proffered to suggest that the crime occurred in a manner other than as originally thought". *Id.*

In the present case, the defendant was clearly the victim of judge shopping. After Judge Roberson ruled that the search which produced the weapon was illegal, the prosecutor, rather than appealing the ruling, initiated proceedings again. In this manner, the prosecutor could reargue the search issue before a different judge. He succeeded in doing so and obtained a ruling favorable to his case. Furthermore, although Officer Quinn, who testified at the first examination, was replaced by Officer McNamara at the second, it is undisputed that no new evidence was offered at the second proceeding. As in *George* and *Walls,* that fact suggests that the second prosecution served only to harass the defendant.

For the above reasons, we hold that the second and, consequently, the third prosecution of defendant for the same crime denied the defendant due process of law. We reverse his conviction and remand to the circuit court for entry of an order quashing the information.

In light of our disposition of this case, we need not decide defendant's remaining issues.

Reversed and remanded.

MacKENZIE, J. *(dissenting)*. While I agree with the majority that defendant's guilty plea did not waive his due process claim, I find that the record on appeal does not support the majority's conclusion that defendant was a victim of judge shopping by the prosecutor. The majority relies on *People v George,* 114 Mich App 204; 318 NW2d 666 (1982), *lv den* 414 Mich 931 (1982), and *People v Walls,* 117 Mich App 691; 324 NW2d 136 (1982), where this Court found subsequent prosecutions violative of the defendants' right to due process since at those subsequent preliminary examinations the prosecutor introduced no new additional evidence which was not available at the original preliminary examination, but rather sought only to reargue the same issue on the same evidence before a different judge. I find *George, supra,* and *Walls, supra,* distinguishable from the present case.

The transcript of the original preliminary examination before Judge Roberson was not included in the record sent on appeal. However, the portions of that transcript quoted in defendant's brief on appeal indicate that the charges were dismissed because the arresting officer who testified at the examination admitted that he had no personal knowledge of an outstanding warrant for defendant's arrest. Consequently, Judge Roberson found

this officer's testimony inadequate to justify defendant's arrest and concluded that the subsequent search of defendant was illegal. However, at the second and third preliminary examinations the prosecutor did present new additional evidence, the testimony of the other arresting officer who did have personal knowledge of the outstanding warrant for defendant's arrest. Thus, at the second preliminary examination, the prosecution was not merely attempting to reargue the issue of the legality of defendant's arrest and search on the same evidence before a different, and hopefully more receptive judge, but rather supplied new evidence in support of its case. Similarly, when the case was again dismissed on defendant's motion to quash on the ground that the second warrant issued after the second preliminary examination was not signed by the proper judge, the prosecution's institution of the third preliminary examination was intended to remedy this defect and not simply to relitigate before a different judge the same issues of probable cause to bind over or the legality of the arrest and search of defendant.

Subjecting a defendant to multiple preliminary examinations violates his right of due process if the prosecution is attempting to harass the defendant or is engaged in forum shopping. *People v Walls, supra; People v George, supra.* Although subsequent preliminary examinations do not constitute double jeopardy, the prosecutor must act in good faith and should not subject a person to multiple preliminary examinations without good reason. *Gaffney v Missaukee Circuit Judge,* 85 Mich 138, 139; 48 NW 478 (1891). Applying these principles to the present case, the record before this Court discloses no harassment or judge shopping by the prosecution since the prosecution pre-

sented new evidence at the second preliminary examination, *People v Laslo,* 78 Mich App 257, 260; 259 NW2d 448 (1977), and the third preliminary examination was necessary because of a technical defect in the signing of the second warrant. On this record, I would not disturb the guilty plea.

By finding no due process violation, it is necessary to resolve the other issues, not addressed by the majority, which defendant has raised on appeal. In view of the foregoing analysis finding no harassment or judge shopping by the prosecution, I reject defendant's contention that his guilty plea was involuntary and coerced because of his being subjected to multiple preliminary examinations. I also reject defendant's assertion that his guilty plea was involuntary and coerced because the prosecutor threatened to file a supplemental information on an habitual offender charge. At the third preliminary examination, the prosecutor stated that he intended to seek such a supplemental information, but the record reflects he never did so. It is not impermissible for a prosecutor to use a potential habitual offender charge as a tool in plea negotiations so long as the prosecution is not precluded from bringing such a charge. *People v Roderick Johnson,* 86 Mich App 77; 272 NW2d 200 (1978); *People v Alford,* 101 Mich App 446; 300 NW2d 593 (1980). In the present case, defendant makes no claim that the prosecutor was precluded from filing a supplemental habitual offender information. Moreover, defendant in his brief on appeal states that no plea negotiations were engaged in, and at the guilty plea proceeding defendant stated that his plea was not induced by any threat or promise, and was freely and voluntarily made. See *People v Hollie,* 112 Mich App 370, 371-372; 315 NW2d 549 (1981).

Defendant also claims, and the prosecution agrees, that resentencing is required because the court did not use an updated presentence report. *People v Anderson,* 107 Mich App 62; 308 NW2d 662 (1981). Thus, I would remand for resentencing.