Kelly, J.
(dissenting). I would affirm the decisions of both the Court of Appeals and the circuit court. The prosecution’s initiation of a second preliminary examination, without introducing new evidence, violated defendant’s due process right to a fair proceeding.
A
The prosecution brings an issue of first impression to this Court, although the Court of Appeals has addressed it several times.[1] The prosecution filed a criminal action against defendant Dunbar a second *619 time with no new evidence after having obtained dismissal of an identical action during the preliminary examination. When presented with a similar factual situation, the Court of Appeals has held consistently that it constitutes judge-shopping in violation of the accused’s right to due process.
Among the factors to be considered in determining whether a due process violation has occurred are the re-institution of charges without additional, noncumulative evidence not introduced at the first preliminary examination, the reinstitution of charges to harass and judge shopping to obtain a favorable ruling.[2]
This case is factually similar to People v Walls, supra. In Walls, the prosecution wished to present a mother’s testimony reciting statements that her three-year-old daughter had made to her. Id. at 693. At the first preliminary examination, the magistrate admitted the statements. However, the circuit judge, after ruling the statements inadmissible, granted defendant’s motion to quash the testimony and remanded the case to the magistrate. Id.
A second preliminary examination was held. The prosecution, apparently assessing that it would be unable to gain admission of the mother’s testimony, secured a dismissal of the case. Id.
It then refiled the same charges against the defendant. Id. at 694. A third preliminary examination was held, this time before a different magistrate who, notwithstanding the circuit judge’s earlier ruling, admitted the hearsay statements. Id. A second circuit judge *620 found a violation of due process. The Court of Appeals agreed:
A clearer case of judge shopping does not come to mind. Rather than appeal the unfavorable evidentiary ruling, a remedy available to the prosecutor, MCL 770.12(1)(c); MSA 28.1109(1)(c) [see 1977 PA 34], the prosecutor here requested dismissal and started all over again. He thereby freed the proceedings of the unfavorable ruling. The issue of the tender-years exception to the hearsay rule could be reargued before a different judge with the chance that this new judge might be persuaded by the prosecutor’s argument. [Id. at 697.]
Similarly, the prosecution in the instant case dismissed the case after the magistrate ruled against it on an evidentiary matter. When the magistrate denied the prosecution a recess to research case law supporting its position, it moved to dismiss, and the motion was granted.
The prosecution immediately refiled the charges. At the second preliminary examination, another prosecuting attorney presented the same case and the same witness. Notably, he did not come prepared with the case law his colleague needed during the first preliminary examination. In fact, he requested a short break during the proceedings to find the case law. This time, however, the magistrate ruled in his favor, admitting the testimony.
Like the prosecutor in Walls, the prosecutor in this case “freed the proceedings of the unfavorable ruling,” then reargued it before a new judge. Walls, supra at 697. In granting defendant Dunbars motion to quash the bindover, the circuit judge determined that “the prosecutor felt he couldn’t do any worse” than at the first preliminary examination and “it was *621 best to take his chances with ... a different judge . . . . ” Also, the magistrate found it persuasive that the prosecutor had not appeared with any new case law. “He was in exactly the same spot, uttering almost the same words” as had the first prosecutor.
The prosecution asserts that it was motivated by a desire to protect the identity of a confidential informant. Although the end is laudable, without dispute, the prosecution was not entitled to judge-shop to accomplish it.
If the prosecution assessed that dismissal of the case was necessary to protect the confidential informant, then refiling it was not a good option. If its concern was simply that the evidentiary ruling was erroneous, it should have taken an appeal from it. A fair reading of the record supports the conclusion that what the prosecution hoped to do in refiling was to convince a different judge to rule in its favor.
B
I agree with the circuit court and the Court of Appeals that MCR 6.110(F) does not apply directly to this case.[3] It states:
If, after considering the evidence, the court determines that probable cause does not exist to believe either that an offense has been committed or that the defendant committed it, the court must discharge the defendant without prejudice to the prosecutor initiating a subsequent prosecution for the same offense. Except as provided in MCR 8.111(C), the subsequent preliminary examination must be held before the same judicial officer and the prosecutor must present additional evidence to support the charge.
*622 In its decision here, the majority by indirection undermines MCR 6.110(F). It invites a prosecutor who senses an imminent unfavorable ruling at a preliminary examination to avoid the requirements of MCR 6.110(F) merely by moving to dismiss. Having obtained a dismissal, the prosecutor can then refile the charges, draw a different judge, and present the same case without introducing new evidence.
CONCLUSION
The prosecution in this case engaged in judge-shopping, violating defendant’s due process rights. The circuit judge properly granted defendant’s motion to quash the bindover.
Cavanagh, J., concurred with Kelly, J.

 People v George, 114 Mich App 204; 318 NW2d 666 (1982); People v Walls, 117 Mich App 691; 324 NW2d 136 (1982); People v Vargo, 139 Mich App 573; 362 NW2d 840 (1984); People v Turmon, 128 Mich App 417; 340 NW2d 110 (1983); People v Starlard, 153 Mich App 151; 395 NW2d 41 (1986); People v Stafford, 168 Mich App 247; 423 NW2d 634 (1988).

 Vargo, supra at 578, citing George, supra; Turmon, supra; and Walls, supra.

 Unpublished opinion per curiam (Docket No. 221978), p 2.