*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
August 29, 2024

       Plaintiff-Appellee,

v

No. 367896
Mackinac Circuit Court
LC No. 2021-004226-FH

CHAD MICHAEL HOOD,

       Defendant-Appellant.

Before: MALDONADO, P.J., and M. J. KELLY and RICK, JJ.

PER CURIAM.

Defendant appeals by right the trial court's order granting the prosecution's motion *nolle prosequi* without prejudice. Defendant was originally charged with one count of operating while intoxicated causing death, MCL 257.625(4)(a), and one count of reckless driving causing death, MCL 257.626(4); however, after the *nolle prosequi* motion was granted, the prosecution promptly filed a new complaint bringing charges of second-degree murder, MCL 750.317, three counts of involuntary manslaughter, MCL 750.321, involuntary manslaughter with a motor vehicle, MCL 750.321, two counts of operating while intoxicated causing death, MCL 257.625(4)(a), and reckless driving causing death, MCL 257.626(4). Defendant contends that the trial court erred by failing to either deny the motion for *nolle prosequi* or grant it with prejudice because the prosecution filed the motion in order to circumvent a contrary ruling regarding discovery violations.

We vacate the trial court's order granting the prosecution's motion for *nolle prosequi* and remand this case for additional proceedings consistent with this opinion.

## I. BACKGROUND

The facts of this case, as pertinent to this appeal, are largely undisputed. On June 5, 2021, defendant was involved in a car crash that led to the death of Jenny Timmer, and this crash gave rise to the charges described above. The trial was originally set to start on October 13, 2022, but after numerous adjournments, the case was ultimately set for trial on August 28, 2023. Eight days before trial, defendant moved to strike the prosecution's witness list and exhibits, alleging noncompliance with the trial court's pretrial order and MCL 6.201(A) (Mandatory Disclosure).

The prosecution responded by filing a motion for *nolle prosequi*, purportedly for the purpose of reassessing the charges. The trial court conducted a hearing on this motion, despite planning to grant it, so that defense counsel could make a record.

Defense counsel raised concerns regarding the fact that the case was two years old and that significant discovery had been conducted. Defense counsel indicated that it would not object to the nolle if it was granted with prejudice, but the prosecution asserted that the trial court was not permitted to grant such a motion with prejudice. The prosecution acknowledged that the new eight-count complaint had been prepared and that it would be filed once the nolle was granted. Defense counsel expressed outrage at the notion of issuing this new complaint "on the eve of trial" and demanded that the case proceed as scheduled. The court expressed frustration stemming from the long pendency of the case and the logistics of scheduling a week-long trial. The court lamented the prospect of delaying the case by as much as another year; however, the court continued, "I know the prosecutor has this right. . . . The Court is signing the Nolle without prejudice. So I suspect that a new matter will be filed, and we'll start in District Court and we'll start all over."

Defendant promptly filed a motion for reconsideration, asserting that the trial court did have the discretion to grant a *nolle prosequi* with prejudice, that the prosecution misled the court regarding the relevant law, and that the *nolle* should be granted with prejudice because the prosecution sought it in order to circumvent unfavorable rulings. The court issued an order in which it granted reconsideration but reaffirmed its decision to grant the motion without prejudice:

> The Court held the hearing on August 23, at the same time it previously scheduled Defendant's motions to be heard. The Court made it clear that it wanted to allow Defendant to place any argument it wanted on the record. However, the Court also made it clear that it did not believe it had much discretion and had to grant the nolle. Defense agreed the nolle must be granted but argued it should be granted with prejudice.
>
> * * *
>
> A palpable error is committed when the Court relies on incorrect or a misunderstanding of the law. The Court did rely on incorrect statements and misunderstandings of the applicable law. The Court does have limited discretion as to whether to grant the nolle, or whether to grant it with prejudice.
>
> It is clear to this Court that the prosecution was worried about an adverse ruling on Defendant's motions to strike witnesses and exhibits. Based on that the prosecution moved to nolle the case. The nolle states on its face that it is being filed so the prosecution can reassess charges. It did not take long to reassess those charges as the same day of the hearing the prosecution had a new eight-count complaint ready to be filed.
>
> It is mind-boggling to this Court that it took over two years to decide to file an eight-count complaint instead of the two-count complaint that was set to be tried. This is clear legal maneuvering and gamesmanship. On its face this looks like prosecutorial vindictiveness.

-2-

However, the record is not sufficient at this point to make a ruling on vindictiveness. As stated on the record, the Court is not happy about this. Although the Court did, in fact, commit palpable error, and reconsidered its ruling, it does not change its order.

This appeal followed.

## II. DISCUSSION

Because the trial court did not seem to fully understand defendant's position or the extent of its discretion, we vacate its order and remand for additional proceedings.

"This Court reviews a trial court's ruling regarding a motion to dismiss for an abuse of discretion." *People v Adams*, 232 Mich App 128, 132; 591 NW2d 44 (1998). "A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes." *People v Duncan*, 494 Mich 713, 722-723; 835 NW2d 399 (2013). A trial court necessarily abuses its discretion by making an error of law. *People v Swain*, 288 Mich App 609, 628-629; 794 NW2d 92 (2010). Further, "the failure to exercise discretion when called on to do so constitutes an abdication and hence an abuse of discretion." *People v Stafford*, 434 Mich 125, 134 n 4; 450 NW2d 559 (1990). Questions of law are reviewed de novo. *Swain*, 288 Mich App at 629.

*Nolle prosequi* is "a docket entry showing that the plaintiff or the prosecution has abandoned the action." *People v Guthrie*, 317 Mich App 381, 384 n 3; 894 NW2d 711 (2016) (quotation marks, citation, and alteration omitted). "A prosecuting attorney shall not enter a nolle prosequi upon an indictment, or discontinue or abandon the indictment, without stating on the record the reasons for the discontinuance or abandonment and without the leave of the court having jurisdiction to try the offense charged, entered in its minutes." MCL 767.29. "In Michigan, *nolle prosequi* usually constitutes a dismissal without prejudice which does not preclude initiation of a subsequent prosecution." *Guthrie*, 317 Mich App at 384 n 3 (quotation marks and citation omitted). "A circuit judge does not enjoy supervisory power over a prosecuting attorney. . . . He may reverse or revise their decisions only if it appears on the record that they have abused the power confided to them." *Genesee Co Prosecutor v Genesee Circuit Judge*, 391 Mich 115, 121; 215 NW2d 145 (1974). "Unless the prosecution acts in a manner that is unconstitutional, illegal, or ultra vires, the prosecution's decision to proceed to trial or dismiss the case is exempt from judicial review pursuant to the separation of powers doctrine." *People v Jones*, 252 Mich App 1, 10; 650 NW2d 717 (2002).

The prosecution's use of a *nolle prosequi* motion can also implicate a criminal defendant's right to due process. In *People v Walls*, 117 Mich App 691, 693-694; 324 NW2d 136 (1982),[1] a felony indictment was quashed following an evidentiary ruling prejudicial to the prosecution. Rather than appealing the evidentiary ruling, the prosecution moved to *nolle prosequi* and promptly refiled the case with more severe charges. This time the case was heard by a different

---

[1] "Published opinions of this Court that were issued before November 1, 1990 are not binding, but they may be considered for their persuasive value." *People v Urbanski*, ___ Mich App ___, ___ n 5; ___ NW2d ___ (2023) (Docket No. 359011); slip op at 9 n 5, citing MCR 7.215(J)(1).

judge who overruled the previous evidentiary objection. *Id*. at 694. This Court could not think of a more obvious "case of judge shopping" and believed that that the prosecution punished the defendant for successfully challenging its evidence. *Id*. at 697-698. Accordingly, this court held that the subsequent prosecution violated defendant's due process rights and quashed the new complaint. *Id*. at 698. While there is no indication of judge shopping in this case, the record suggests that the prosecution moved for *nolle prosequi* to get a second chance to comply with discovery and to punish defendant for challenging its evidence.

It is clear that trial courts have some, albeit limited, discretion to deny motions for nolle prosequi. What is less clear is whether the trial court in this case understood the full extent of its discretion. The trial court suggested that its only two options were to grant the motion as requested or to grant it with prejudice. First, given that the prosecution brought the motion, granting it with prejudice would not be appropriate. More importantly, the court failed to recognize that it had limited discretion to simply deny the motion if it believed the prosecution was abusing its power, was acting in a manner that was unconstitutional—i.e., in violation of defendant's due process rights, or if it believed the action was ultra vires. Further, the court erroneously stated that defendant "agreed the nolle must be granted" and advocated for granting it with prejudice. On the contrary, defense counsel made it very clear that he wanted to deny the motion and proceed to trial. Finally, we note that the court described the prosecution's actions as "clear legal maneuvering and gamesmanship" but then noted that the record was insufficient "to make a ruling on vindictiveness." It is unclear from this statement if the court was simply unpersuaded that the prosecution's actions were vindictive or if it believed that the record was legally insufficient to support such a finding. If the court was attempting to communicate the latter, we disagree and conclude that the record is sufficient to support such a finding if the trial court were so persuaded.

## III. CONCLUSION

The trial court's order granting the prosecution's motion for *nolle prosequi* without prejudice is vacated. This case is remanded for additional proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Allie Greenleaf Maldonado
/s/ Michael J. Kelly
/s/ Michelle M. Rick

-4-