PEOPLE v OSTER

1. Criminal Law—Preliminary Examination—Proof of Offense —Proof of Guilt—Elements of Crime—Premeditation— Homicide—First-Degree Murder.

The prosecutor must show, at a preliminary examination, that the offense charged has been committed; while positive proof of guilt is not required, there must be evidence on each element of the crime charged or evidence from which those elements may be inferred, including premeditation where the charge is first-degree murder.

2. Criminal Law—Preliminary Examination—Magistrate—Elements of Crime—Evidence—Abuse of Discretion—Appeal and Error.

A magistrate's determination, at a preliminary examination, that the necessary elements of the crime charged are supported by the evidence will not be upset on appeal unless clear abuse of discretion is demonstrated.

3. Criminal Law—Preliminary Examination—Magistrate—Evidence—Reasonable Doubt—Jury Questions.

It is not the function of the examining magistrate to carefully weigh the evidence and discharge the accused when the evidence conflicts or raises a reasonable doubt of guilt; such questions should be left to the jury.

References for Points in Headnotes

[1-3] 21 Am Jur 2d, Criminal Law §§ 440-451.
[4] 40 Am Jur 2d, Homicide § 53.
[5] 40 Am Jur 2d, Homicide §§ 51, 267, 438.
[6, 8-10] 40 Am Jur 2d, Homicide § 263 *et seq.*
Homicide: presumption of deliberation or premeditation from the circumstances attending the killing. 96 ALR2d 1435.
[7] 40 Am Jur 2d, Homicide §§ 40-52.
[11] 40 Am Jur 2d, Homicide § 558.
[12] 21 Am Jur 2d, Criminal Law § 219.
47 Am Jur 2d, Jury §§ 72-80.
[13] 31 Am Jur 2d, Expert and Opinion Evidence § 186.
[14] 21 Am Jur 2d, Criminal Law § 45.
40 Am Jur 2d, Homicide §§ 139-169.

4. HOMICIDE—SECOND-DEGREE MURDER—MALICE—DEADLY WEAPONS.

The malice necessary to bind a defendant over on a charge of second-degree murder may be presumed from the use of a deadly weapon to perpetrate the killing.

5. CRIMINAL LAW—MALICE—PROVOCATION—MAGISTRATE—TRIAL JUDGE—JURY QUESTIONS.

A determination whether an inference of malice was negated by provocation is one to be made by the trial judge and jury, not by an examining magistrate.

6. HOMICIDE—FIRST-DEGREE MURDER—PREMEDITATION—INFERENCES.

Premeditation can be inferred from various kinds of evidence, such as the relationship between the parties, whether the murder weapon had been acquired or positioned in preparation for the homicide, the immediate circumstances of the killing, and the defendant's post-homicide conduct.

7. HOMICIDE—FIRST-DEGREE MURDER—ELEMENTS OF CRIME—EVIDENCE—PREMEDITATION—DELIBERATION.

Evidence sufficient to sustain a finding of premeditation and deliberation falls into three basic categories: (1) evidence which shows that the defendant had been engaged in planning the killing, (2) evidence establishing a motive for the killing, and (3) evidence that the nature of the killing was such that the defendant must have intentionally killed according to a preconceived design to take his victim's life in a particular way.

8. HOMICIDE—FIRST-DEGREE MURDER—PREMEDITATION—DELIBERATION—MAGISTRATE.

A magistrate's finding of premeditation or deliberation was clearly erroneous where there was no evidence of planning or motivation; no inference of premeditation was raised by the fact that a knife was used and that wounds were inflicted upon vital parts of the body; the fact that defendant cleaned the knife soon after the stabbing does not suggest that there was a plan or scheme to kill; premeditation is not suggested by the fact that a defendant was carrying a knife where evidence was presented that the defendant carried the knife with him long before the stabbing and that the defendant and the victim were total strangers.

9. HOMICIDE—FIRST-DEGREE MURDER—PREMEDITATION—SUFFICIENT LAPSE OF TIME.

Five seconds may well be enough time for a "second look" during which one could premeditate murder, but such lapse of time must be viewed in light of surrounding circumstances; the time

span necessary to establish premeditation must occur between the initial homicidal intent and the ultimate action.

10. HOMICIDE—OPEN CHARGE OF MURDER—MAGISTRATE—ABUSE OF DISCRETION.

The examining magistrate abused his discretion in binding a defendant over to the circuit court on an open charge of murder, where the testimony was that the defendant was getting his knife out of his pouch and opening it during a five-second interval and no evidence that, even if the five seconds were sufficient time for the defendant to take a "second look", he in fact did so.

11. HOMICIDE—FIRST-DEGREE MURDER—SECOND-DEGREE MURDER— MANSLAUGHTER—CRIMINAL LAW—MAGISTRATE—BINDING OVER FOR TRIAL—ABUSE OF DISCRETION—EVIDENCE.

It is a general rule that where an examining magistrate abused his discretion in binding a defendant over for trial the conviction is to be reversed and the information quashed; however, those remedies appear to be proper only where the evidence was insufficient to bind a defendant over on any charge; where the magistrate erred in binding the defendant over on a charge which includes first-degree murder there was no reversible error where the binding over for trial was proper as to the lesser included offenses of second-degree murder and manslaughter.

12. CRIMINAL LAW—JURY TRIAL—WAIVER—APPEAL AND ERROR.

A defendant's claim that he waived his right to a jury trial because of his fear of a compromise jury verdict after he had been bound over on an open charge of murder, where the defendant was not coerced into waiving his right to a jury trial, cannot be the basis for reversing the conviction and granting a new trial.

13. CRIMINAL LAW—EVIDENCE—EXPERT WITNESSES—DEFENSES—SELF-DEFENSE.

The opinion of an expert witness on the state of mind of a defendant claiming self-defense, uncontradicted by other expert testimony, does not have to be accepted by the trier of fact as conclusive of the fact.

14. CRIMINAL LAW—DEFENSES—SELF-DEFENSE—REASONABLE BELIEF.

To establish the defense of self-defense not only must the defendant believe himself to be in great danger but that belief must also be reasonable under the circumstances.

Appeal from Oakland, John N. O'Brien, J. Submitted January 13, 1976, at Lansing. (Docket No. 23270.) Decided February 26, 1976. Leave to appeal applied for.

Ronald C. Oster was convicted of manslaughter. Defendant appeals. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, and *Robert C. Williams,* Chief Appellate Counsel, for the people.

*Campbell, Kurzman, Leitman, Plunkett & Roggenbaum* (by *Bruce T. Leitman* and *Mark J. Glazer),* for defendant.

Before: N. J. KAUFMAN, P. J., and T. M. BURNS and M. F. CAVANAGH, JJ.

T. M. BURNS, J. Defendant was charged with open murder. MCLA 750.316; MSA 28.548, MCLA 750.317; MSA 28.549. On August 19, 1974, after a trial before the court, he was found guilty of voluntary manslaughter. Defendant was sentenced to 10 to 15 years in prison and appeals as of right.

Because of its bearing on the issues raised in this appeal, an extended relation of the evidence presented at the preliminary examination is required. The testimony indicated that defendant and Alan Goodman were present at a party at the home of the parents of Diane Cohn, defendant's girl friend. It is undisputed that defendant stabbed Goodman during an altercation and that Goodman later died from the stab wounds.

Miss Cohn testified that before the fight occurred, she and defendant were preparing to leave the party. Defendant put his arm around her and she pushed him away. Witnessing this, Goodman told

defendant to leave her alone. Defendant informed Goodman, in effect, that it was all right because she was his girl friend. Miss Cohn also told Goodman that it was all right. At that point, Goodman pushed the defendant and lunged at him.

Another witness testified that he saw the two men wrestling and pushing each other. He then saw Goodman throw defendant up a stairway, leaving defendant sprawled out on the stairs. Defendant then pulled a knife out of a pouch on his belt, leaped down on the stairs, and stabbed Goodman several times. The witness approximated that five seconds had elapsed between the time that Goodman had pushed defendant onto the stairway and the time that defendant stabbed Goodman. There were three stab wounds in Goodman's chest and two in his back.

Another witness testified that although he did not see who started the fight, he did see that prior to the stabbing, Goodman hit defendant in the eye and that the eye began to bleed.

It appears from the testimony that Goodman was a good sized young man standing over 6'5" in height and weighing 220 lbs.

After hearing the evidence, the magistrate found that the crime charged had been committed and that there was probable cause that defendant committed that crime. More specifically, he found that all the elements of open murder were present, that there was premeditation or malice aforethought and that there was no self-defense involved. The case was then ordered bound over to circuit court on the open charge of murder. Defendant filed a motion to quash the information alleging in part that no proof of premeditation or deliberation was presented at the preliminary hearing and that the examining magistrate had thus abused his discre-

tion in binding the case over on a charge of open murder, which included first-degree murder. This motion was denied.

Defendant then filed a written waiver of jury trial in which he stated that he was waiving such because of the erroneous denial of his motion to quash, which would force him to take a substantial risk that a jury, untrained in the law, would convict him of first-degree murder.

At the close of the people's case at trial, the court dismissed the first-degree murder charge.

In this appeal of his voluntary manslaughter conviction defendant raises two issues, neither of which demonstrate reversible error in the courts below.

*Did the examining magistrate abuse his discretion in binding defendant over to the circuit court for trial on an open charge of murder?*

Defendant argues that the prosecutor failed to prove at the preliminary examination that either first- or second-degree murder had been committed.

It is axiomatic that at the preliminary examination the prosecutor must show that the offense charged has been committed. While positive proof of guilt is not required, *People v Martinovich,* 18 Mich App 253, 257; 170 NW2d 899 (1969), there must be evidence on each element of the crime charged or evidence from which those elements may be inferred, including premeditation where the charge is first-degree murder. *People v Juniel,* 62 Mich App 529, 536; 233 NW2d 635 (1975). In the instant case, the magistrate did find that there was premeditation or malice aforethought. The magistrate's determination of such will not be upset on appeal unless clear abuse of discretion is demonstrated. *People v Juniel, supra.*

It must be remembered that it is not the function of the examining magistrate to carefully weigh the evidence and discharge the accused when the evidence conflicts or raises a reasonable doubt of his guilt; such questions should be left for the jury. *People v Medley,* 339 Mich 486; 64 NW2d 708 (1954). The evidence presented at the examination showed that defendant stabbed Goodman with a knife and that Goodman died as a result. This clearly is sufficient to bind defendant over on a second-degree murder charge, as the malice necessary for that charge may be presumed from the use of a deadly weapon to perpetrate the killing. *People v Juniel, supra, People v Wright,* 25 Mich App 499; 181 NW2d 649 (1970), *lv den,* 384 Mich 804 (1971).

Defendant's argument that the inference of malice was negated by provocation is inapposite. That is not a question for the examining magistrate. Defendant would expand the function of magistrate to trial judge and jury. Binding defendant over on a second-degree murder charge would not have been a clear abuse of discretion.

Binding defendant over on first-degree murder is a neater question. Whether there was evidence presented at the preliminary examination from which an inference of premeditation and deliberation in the killing can be drawn is the essential inquiry. This particular thought process is not easily defined, but our Supreme Court has phrased it in the following ways:

"[t]o think about beforehand

\*   \*   \*

"[t]o measure and evaluate the major facets of a choice or problem

\*   \*   \*

"[a] thought process undisturbed by hot blood

\* \* \*

"[t]he interval between initial thought and ultimate action should be long enough to afford a reasonable man time to subject the nature of his response to a 'second look'." *People v Vail,* 393 Mich 460, 468–469; 227 NW2d 535 (1975).

Premeditation can be inferred from various kinds of evidence, such as the prior relationships between the parties, whether the murder weapon had been acquired or positioned in preparation for the homicide, the immediate circumstances of the killing, and the defendant's post-homicide conduct. *People v Berthiaume,* 59 Mich App 451, 459; 229 NW2d 497 (1975), *People v Morrin,* 31 Mich App 301, 328–330; 187 NW 434 (1971). We have noted in the past that evidence sufficient to sustain a finding of premeditation and deliberation falls into three basic categories: evidence which shows that the defendant had been engaged in planning the killing, evidence establishing a motive for the killing, and evidence that the nature of the killing was such that the defendant must have intentionally killed according to a preconceived design to take his victim's life in a particular way.

Reviewing the evidence presented at the preliminary examination and weighing it against the above guidelines, we can only conclude that the magistrate's finding of premeditation or deliberation was clearly erroneous. There was no evidence of planning or motive; indeed, it appears that defendant and Goodman were total strangers. The fact that a knife was used and that wounds were inflicted upon vital parts of the victim's body do not raise an inference of premeditation. *People v Hoffmeister,* 394 Mich 155, 159; 229 NW2d 305 (1975), and the fact that defendant cleaned the

knife soon after the stabbing does not suggest that there was a plan or scheme to kill. Nor does the fact that defendant was carrying a knife suggest premeditation, since evidence was presented that defendant carried the knife with him long before the stabbing.

Probably the strongest argument of the prosecutor is that premeditation could be inferred from the evidence that defendant, while lying on the stairs, made a conscious decision to murder the victim, produced the knife, opened it up, leaped upon the victim and stabbed him. It is extremely doubtful, however, that the inference could be drawn in this case. Five seconds may well be sufficient time for a "second look" during which one could premeditate murder, but we must view such lapse of time in light of the circumstances surrounding the killing. *People v Meier,* 47 Mich App 179, 191–192; 209 NW2d 311 (1973). Further, that time span necessary to establish premeditation and deliberation must occur between the initial homicidal intent and the ultimate action. *People v Hoffmeister, supra.* In the instant case, the testimony was that the defendant was getting his knife out of his pouch and opening it during those five seconds. It would require too great a stretch of the imagination for one to infer that under those circumstances he was thinking over his intention to kill the victim. Besides the improbability of there being sufficient time to take a second look, there is no evidence that defendant in fact did so. We, therefore, must conclude that the examining magistrate abused his discretion in binding the defendant over to the circuit court on an open murder charge.

The prosecutor argues that even if erroneous, the decision constitutes harmless error. Although

defendant was bound over on a charge including first-degree murder, the trial judge reduced the charge to second-degree murder, and even though the record contains evidence which would support a second-degree murder conviction, defendant was found guilty only of manslaughter.

Defendant urges that the error was prejudicial because it forced him to waive his right to a jury trial. This argument implies that a jury could not be trusted to find him guilty only of crimes supported by the evidence while a judge could. Even if the trial had been before a jury, he asserts, and a directed verdict on the first-degree murder charge had been given, the stigma of the charge would have produced a compromise verdict.

While we believe defendant's arguments to be sincere, they are completely unacceptable.[1]

While it is a general rule that where the examining magistrate abused his discretion in binding a defendant over for trial, the conviction is to be reversed and the information quashed, those remedies appear to be proper only where the evidence was insufficient to bind him over on any charge. See *People v White,* 276 Mich 29; 267 NW 777 (1936), *People v Henson,* 18 Mich App 259; 171 NW2d 26 (1969), *People v Kennedy,* 9 Mich App 346; 155 NW2d 855 (1968). In the case at bar, although the magistrate erred in binding defendant over on a charge which includes first-degree murder, there was no error as to the lesser included offenses of second-degree murder and manslaughter.

We must reject defendant's request to reverse

---

[1] If we were to logically extend defendant's argument, we would have to conclude that being convicted of voluntary manslaughter was the best he could have hoped for in any case; if a jury would not have properly applied the law of deliberation and premeditation, it surely would not have properly applied the law of provocation in his favor.

his conviction and grant a new trial on the charge of voluntary manslaughter. We cannot predicate prejudice on defendant's subjective fears relative to the wisdom of the jury system. Defendant was not coerced into waiving his right to a jury trial. If his trial had been before a jury, any prejudice to him because of the magistrate's error could have been cured either by the trial court or on appeal. Basic to defendant's "coercion" argument is the premise that whenever a directed verdict on a charge is granted at the close of the people's proofs in a criminal trial, the defendant does not receive a fair trial on the remaining charges. That proposition we find untenable. Any prejudice suffered by defendant as a result of the magistrate's error was of his own making.

*Whether acquittal was mandated due to unrebutted expert opinion?*

At trial, the defendant presented expert testimony that defendant feared for his life at the time of the stabbing. This testimony was not rebutted by the prosecutor, as no expert witnesses were called by the people. Thus, defendant asserts, he either proved the defense of self-defense or the prosecutor failed to negate the defense beyond a reasonable doubt as a matter of law.

Defendant's argument, though again apparently sincere, is unacceptable. He contends that the *opinion* of an expert witness on the state of mind of a defendant claiming self-defense uncontradicted by other expert testimony must be accepted by the trier of fact as conclusive of the *fact.* Such is not and never has been the law.

A psychiatrist and a clinical psychologist testified that in their opinion defendant was in fear of his life at the time he stabbed the victim. Even if believed and accepted by the trier of fact, however,

such evidence would not be sufficient to establish the defense of self-defense. Not only must the defendant believe himself to be in great danger, but that belief must also be reasonable under the circumstances. *People v Shelton,* 64 Mich App 154; 235 NW2d 93 (1975).

There was no reversible error. Affirmed.

Judge KAUFMAN, not participating.