this matter on the first available session calendar for argument and submission.

Persons or groups interested in the determination of these questions may apply to the Clerk of the Supreme Court for permission to file briefs amicus curiae.

RYAN, J., not participating.

OCTOBER 19, 1976

PEOPLE v ROY WILSON. (Docket No. 57548.) Rehearing denied. *Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Research, Training and Appeals, *Samuel C. Damren,* Assistant Prosecuting Attorney, for the people. Reported at 397 Mich 76.

OCTOBER 29, 1976

PRICE v PRICE. (Docket No. 55699.) Application by defendant-appellee for allowing an act after expiration of time is considered and the Court orders that defendant-appellee's pleadings be considered on their merits, lateness notwithstanding. The motion by defendant-appellee for clarification is considered and, pursuant to GCR 1963, 865.1(7), the case is remanded to the Saginaw Circuit Court for a factual hearing. If the trial judge is convinced by the evidence that Thomas C. Price did not attend college in the 1972–73 school year for reasons other than financial inability, the trial court's order of September 18, 1972 shall be vacated. See 46 Am Jur 2d, Judgments, § 443; *Zwerg v Zwerg,* 179 So 2d 821, 825 (Miss, 1965). The petition by plaintiff for extraordinary attorney fees also is remanded for further consideration by the trial judge. *Christ A. Anagnost* for plaintiff-appellee. *Roger J. Oeming* for defendant-appellant. Reported at 395 Mich 6 (1975).

RYAN, J., not participating.

PEOPLE v FRANK PARKER. (Docket No. 57663.) Request for appointment of counsel granted. Defendant shall file with Wayne Circuit Court an affidavit concerning his present financial status (see guidelines at 387 Mich xxxi). The prosecutor shall be furnished a copy of the financial affidavit and may challenge defendant's asserted indi-