PEOPLE v SALAZAR

Docket No. 64259. Submitted October 5, 1982, at Grand Rapids.—
Decided February 17, 1983.

Domingo D. Salazar was arrested and charged with inciting,
inducing, or exhorting another to commit murder. The magis-
trate found probable cause to believe the crimes were commit-
ted and that defendant committed them. Defendant was bound
over for trial in the Barry Circuit Court, which affirmed the
magistrate's finding of probable cause but, *sua sponte,* ordered
the case remanded to the district court so that the magistrate
could have the opportunity to consider whether defendant had
abandoned his efforts to incite to murder, Hudson E. Deming, J.
The people appeal by leave granted. *Held:*

The circuit court did not have the authority to remand for
consideration of the abandonment defense once it affirmed the
magistrate's findings of probable cause. The circuit court's
order remanding the case is reversed.

Reversed.

1. CRIMINAL LAW — PRELIMINARY EXAMINATION — APPEAL.

A circuit court, in reviewing a magistrate's decision to bind over
a defendant, is to determine whether or not the magistrate
abused his discretion in finding probable cause.

2. CRIMINAL LAW — PRELIMINARY EXAMINATION — APPEAL — RE-
MAND.

A circuit court may remand to a magistrate a case wherein the
magistrate has bound over a defendant for trial only where the
circuit court's review indicates that the evidence did not tend
both to show the commission of the crime charged and probable

REFERENCES FOR POINTS IN HEADNOTES
[1] 4 Am Jur 2d, Appeal and Error § 18.
  5 Am Jur 2d, Appeal and Error §§ 772, 774, 775.
[1-4] 21 Am Jur 2d, Criminal Law §§ 412, 413, 424.
[2] 5 Am Jur 2d, Appeal and Error § 974.
  32 Am Jur 2d, Federal Practice and Procedure § 424 *et seq.*
[3] Propriety of consideration of credibility of witness in determining
  probable cause at state preliminary hearing. 84 ALR3d 811.

cause for charging the accused with its commission, and remand is limited to permitting the prosecutor to remedy an insufficiency in proofs needed to establish probable cause.

3. Criminal Law — Preliminary Examination — Probable Cause.

A magistrate's inquiry into probable cause at a preliminary examination is not limited to whether the prosecution has presented evidence on each element of the offense but extends rather to whether probable cause exists after an examination of the whole matter, including the weight and competency of the evidence, the credibility of the witnesses, and possibly including evidence in defense.

4. Criminal Law — Preliminary Examination — Probable Cause.

A magistrate should not discharge a defendant when evidence presented during the preliminary examination conflicts or raises reasonable doubt of the defendant's guilt since that presents a classic issue for the trier of fact.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *Judy A. H. Hughes,* Prosecuting Attorney, and *Leonard J. Malinowski,* Assistant Attorney General, for the people.

Before: R. B. Burns, P.J., and MacKenzie and T. L. Brown,* JJ.

Per Curiam. The people appeal by leave granted from a circuit court order which remanded defendant's case to district court. The circuit court affirmed the district court magistrate's finding of probable cause but remanded for reconsideration of that finding in light of a possible abandonment defense.

Defendant was bound over on two charges of inciting, inducing, or exhorting another to commit murder, MCL 750.157b; MSA 28.354(2). The magistrate found probable cause to believe the crimes were committed and that defendant committed them based on testimony which alleged that defen-

* Circuit judge, sitting on the Court of Appeals by assignment.

dant proposed to have the preliminary examination witness, Isidro Rendon Martinez, Jr., kill a state police officer and a prosecution witness at some time between January, 1982, and December, 1982, by placing an explosive in the police officer's car. The testimony also showed an apparent reluctance on defendant's part to commit himself to the plan.

The case proceeded to the circuit court, where the judge expressly stated that he affirmed the magistrate's finding of probable cause. The circuit court then *sua sponte* ordered the case remanded to the district court so that the magistrate could "have the opportunity" to consider whether defendant had abandoned his efforts to incite to murder. This defense had only recently been extended to the crime of incitement in *People v Shafou,* an unpublished opinion of the Court of Appeals (Docket No. 77-2695, decided February 22, 1979; *lv gtd* 406 Mich 1012 [1979]).

At issue in this case is the limited question of whether the circuit court had the authority to remand for consideration of the abandonment defense once the court affirmed the magistrate's findings of probable cause. We conclude that the circuit court lacked this authority.

In reviewing the magistrate's decision to bind over a defendant, the circuit court is to determine whether or not the magistrate abused his discretion in finding probable cause. *People v Doss,* 406 Mich 90, 100-101; 276 NW2d 9 (1979); *People v Lyles,* 100 Mich App 232, 240; 298 NW2d 713 (1980). Remand is permitted only where the review indicates that the evidence did not "tend both to show the commission of the crime charged and probable cause for charging the accused with its commission", and is limited to permitting the

prosecutor to remedy an insufficiency in proofs needed to establish probable cause. *Genesee Prosecutor v Genesee Circuit Judge,* 391 Mich 115, 119-120; 215 NW2d 145 (1974); *People v Miller,* 62 Mich App 495, 499; 233 NW2d 629 (1975).

The Supreme Court's recent decision in *People v King,* 412 Mich 145; 312 NW2d 629 (1981), has not broadened this limitation. *King* provides only that a magistrate's inquiry into probable cause at the preliminary examination is "not limited to whether the prosecution has presented evidence on each element of the offense" but extends rather to whether probable cause exists "after an examination of the whole matter". This "whole matter" includes the weight and competency of the evidence, the credibility of the witnesses, and "may" include evidence in defense. *King* explicitly provides, however, that a magistrate should not discharge a defendant " 'when evidence conflicts or raises reasonable doubt of [the defendant's] guilt' since that presents a classic issue for the trier of fact". (Footnote omitted.) *King, supra,* pp 153-154. At no point does *King* extend the circuit court's review beyond the determination of probable cause. Rather, it only includes the defendant's defenses and interpretation of the evidence in that determination.

For these reasons, the circuit court lacked the authority to remand after it affirmed the magistrate's determination of probable cause. We therefore reverse the circuit court's order.

Reversed.