PEOPLE v STAFFORD

Docket No. 91298. Submitted July 8, 1987, at Lansing. Decided May 2, 1988. Leave to appeal applied for.

Susan Stafford was bound over for trial on a charge of involuntary manslaughter. The prosecutor then moved in the Oakland Circuit Court to remand the case to the magistrate in order to call a witness and introduce evidence. The court, Frederick C. Ziem, J., granted the prosecutor's motion and a further examination was conducted. The magistrate then bound defendant over for trial on a charge of second-degree murder. Defendant's motion to quash the charge was thereafter denied. Following a jury trial, defendant was found guilty of involuntary manslaughter and the trial court, Frederick C. Ziem, J., sentenced her to two to fifteen years imprisonment. Defendant appeals.

The Court of Appeals *held:*

1. Nothing new was added to the proofs of the first examination at the second examination. The prosecutor did not introduce additional noncumulative evidence at the second examination. Defendant's due process rights were violated when she was ordered to withstand further examination.

2. A remand solely for the purpose of rearguing the case in order to enhance the offense on which defendant was originally bound over is improper.

3. Defendant was improperly bound over on the higher charge. The magistrate abdicated his duty to exercise his discretion to determine whether a crime had been committed and there was probable cause to believe that defendant committed it.

Reversed.

1. APPEAL — REMEDIES — MAGISTRATES.

The proper remedy, when the parties disagree with a decision of a magistrate, is an appeal (MCL 600.8342; MSA 27A.8342).

REFERENCES

Am Jur 2d, Appeal and Error §§ 159 *et seq.*, 267 *et seq.*
Am Jur 2d, Criminal Law §§ 411 *et seq.*
See the Index to Annotations under Preliminary or Pretrial Matters.

2. CRIMINAL LAW — TRIAL — PRELIMINARY EXAMINATIONS — DUE
PROCESS.

Subjecting a defendant to repeated preliminary examinations
violates due process if the prosecutor attempts to harass the
defendant or engage in "judge-shopping"; a second preliminary
examination constitutes harassment violative of due process
unless the prosecutor presents new evidence; among the factors
to be considered in determining whether a due process violation
has occurred are the reinstitution of charges without addi-
tional, noncumulative evidence not introduced at the first
preliminary examination, the reinstitution of charges to harass
and judge-shopping to obtain a favorable ruling.

3. CRIMINAL LAW — TRIAL — PRELIMINARY EXAMINATIONS.

There must be insufficient evidence to show the commission of
the crime or the defendant's participation in the crime before a
trial court may remand a case to district court for further
examination.

4. CRIMINAL LAW — MAGISTRATES — PRELIMINARY EXAMINATIONS.

It is the magistrate's duty to exercise his discretion in determin-
ing whether a crime has been committed and whether there is
probable cause to believe that defendant committed it; the
Court of Appeals reviews the magistrate's decision for an abuse
of discretion and will not substitute its judgment for that of the
magistrate (MCL 766.13; MSA 28.931).

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief, Appellate Division, and *Thomas S. Richards,* Assistant Prosecuting Attorney, for the people.

*Faintuck, Shwedel & Wolfram* (by *William G. Wolfram*), for defendant.

Before: M. J. KELLY, P.J., and BEASLEY and P. EDWARDS,* JJ.

P. EDWARDS, J. Following a jury trial held on December 20, 1985, on a charge of second-degree

* Recorder's Court judge, sitting on the Court of Appeals by assignment.

murder, the defendant was found guilty of the lesser offense of involuntary manslaughter, MCL 750.321; MSA 28.553. The circuit court sentenced her to a term of two to fifteen years. Defendant appeals as of right.

On July 22, 1985, defendant, Susan Stafford, originally charged with open murder, was bound over for trial on a charge of involuntary manslaughter. On August 19, 1985, the prosecutor moved in the circuit court to remand the case to the magistrate for further examination in order to call the medical examiner as a witness and introduce a knife as an exhibit. There was no allegation that the magistrate had abused his discretion in binding the defendant over on the charge of involuntary manslaughter. Further, the defendant had stipulated at the original examination that the cause of death was a knife wound.

After a hearing conducted on September 5, 1985, the circuit court granted the prosecutor's motion and a further examination was conducted on September 27, 1985. Dr. Bill Brooks testified that the cause of death was loss of blood due to a knife wound and he further described the path of the wound as being shallow, across the chest and just nicking the heart and lungs. The magistrate questioned the witness as follows:

> *The Court*: Does that tell you anything regarding how the wound or how the knife was thrust or any—does that tell you anything? Does it conjure up some thoughts in your mind?
> *The Witness*: Specutively [sic] yes, I think that because the sharp edge was lateral, and because one who is right handed, and most of us are, would grasp a knife or nearly in that manner, that this was a sort of a hook, a looping, hook-type thrust.

At the conclusion of the examination, the magis-

trate bound the defendant over for trial on the charge of second-degree murder. In making the ruling, the magistrate relied on the case of *People v Oster,* 67 Mich App 490; 241 NW2d 260 (1976), which the prosecutor had argued mandated a bindover on murder. The magistrate did not address Dr. Brooks' testimony in making his ruling.

The defendant's subsequent motion to quash the charge was denied by the court.

The defendant contends that it was error for the circuit court to remand the case for further examination. The defendant also argues that it was error for the magistrate to reinstate the murder charge. It is the defendant's position that the additional testimony did not make malice more likely and, in fact, the magistrate was not aided by Brooks' testimony nor was it relied on. Defendant contends that the prosecutor, being dissatisfied with the initial decision, merely wanted to reargue the case. This Court agrees.

The prosecutor is correct in saying that additional evidence was presented. But, aside from Brooks' speculation ' concerning how the wound was caused, nothing *new* was added to the proofs of the first examination. Additional evidence does not necessarily mean material evidence, especially here. The medical examiner was not able to state with certainty how the wound was caused; he was only able to "conjure up" scenarios, just as anyone could.

Further, the prosecutor's argument and the magistrate's ruling relied on *People v Oster, supra.* The prosecutor argued that *Oster* mandated a bindover on murder in a case where defendant had produced a knife. The magistrate ruled that, based on *Oster,* the defendant was to be bound over on the murder charge. The emphasis was on the law, not the "new" facts of this particular case.

This Court held in *Oakland Co Prosecutor v Forty-Sixth District Judge,* 72 Mich App 564; 250 NW2d 127 (1976), that review of an individual· act in a single case based on the judgment of the district court judge is by appeal. In that case the magistrate had dismissed the charges against the defendant and the prosecutor sought a writ of superintending control. That was not allowed. On the basis of MCL 600.8342; MSA 27A.8342, the proper remedy, when the parties disagree with a decision of the magistrate, is an appeal. *People v Nevitt,* 76 Mich App 402; 256 NW2d 612 (1977).

Recently, this Court held in *People v Starlard,* 153 Mich App 151, 154; 395 NW2d 41 (1986):

> Subjecting a defendant to repeated preliminary examinations violates due process if the prosecutor attempts to harass the defendant or engage in "judge-shopping." *People v Vargo,* 139 Mich App 573, 578; 362 NW2d 840 (1984); *People v George,* 114 Mich App 204, 211-214; 318 NW2d 666, lv den 414 Mich 931 (1982). Unless the prosecutor presents new evidence, a second preliminary examination constitutes harassment violative of due process. *Vargo, supra,* p 578.

The *Vargo* Court stated:

> Among the factors to be considered in determining whether a due process violation has occurred are the reinstitution of charges without additional, noncumulative evidence not introduced at the first preliminary examination, the reinstitution of charges to harass and judge-shopping to obtain a favorable ruling. [139 Mich App 578.]

Here, it cannot be said that the prosecutor introduced additional, noncumulative evidence. The cause of death from a knife wound was stipu-

lated to at the first examination. This Court believes that defendant's due process rights were violated when she was ordered to withstand further examination. See People v Walls, 117 Mich App 691; 324 NW2d 136 (1982); People v Turmon, 128 Mich App 417; 340 NW2d 110 (1983).

The prosecutor relies on People v Miklovich, 375 Mich 536; 134 NW2d 720 (1965), and People v Kennedy, 384 Mich 339; 183 NW2d 297 (1971), and argues that the trial court had the authority to remand for further examination. It is important to note that the fact that the court had the authority to remand does not squarely address the issue whether the use of such authority denied defendant due process. Further, our Supreme Court in People v New, 427 Mich 482, 495; 398 NW2d 358 (1986), qualified the trial court's authority to remand, the condition being that the evidence be insufficient to show the commission of the crime or the defendant's participation in it. See People v Salazar, 124 Mich App 249; 333 NW2d 567 (1983) (where remand was limited to permit the prosecutor to remedy an insufficiency of proofs in lieu of dismissal).

The court has the option of dismissal or remand. Here, there was no question that the evidence was sufficient to show manslaughter, for which defendant was bound over. This Court does not read Miklovich or Kennedy to allow remand solely for the purpose of rearguing the case in order to enhance the offense on which defendant was originally bound over. It was not proper for the trial court to remand the case for a second examination.

We also agree with defendant that she was improperly bound over on the higher charge of murder at the second examination. It is the magistrate's duty to exercise his discretion in determin-

ing whether a crime has been committed and whether there is probable cause to believe that defendant committed it, MCL 766.13; MSA 28.931. This Court reviews the magistrate's decision to determine whether there was an abuse of discretion and will not substitute its judgment for that of the magistrate. *People v Grihm,* 148 Mich App 285; 383 NW2d 631 (1986); *People v Talley,* 410 Mich 378; 301 NW2d 809 (1981).

An act of discretion by the magistrate, by its very definition, is an exercise of judgment in the decision-making process. Our Supreme Court in *People v Wilson,* 397 Mich 76, 80; 243 NW2d 257 (1976), reh den 397 Mich 962 (1976), quoting *Spalding v Spalding,* 355 Mich 382, 384; 94 NW2d 810 (1959), as to the meaning of discretion and abuse of discretion, stated:

> Where, as here, the exercise of discretion turns upon a factual determination made by the trier of the facts, an abuse of discretion involves far more than a difference in judicial opinion between the trial and appellate courts. The term discretion itself involves the idea of choice, of an exercise of the will, of a determination made between competing considerations.

In the present case, the magistrate read *Oster, supra,* as mandating a bindover on second-degree murder and stated:

> The Court has had an opportunity to read [*People v Oster*] as been presented by the prosecutor. And the Court will read the one paragraph that I find is interesting or pertinent or guiding in this case. On Page 496, "The evidence presented at the examination showed that defendant stabbed Goodman with the knife and that Goodman died as a result. This clearly is sufficient to bind the defendant over on a second-degree murder charge, as

the malice necessary for the charge may be presumed from the use of a deadly weapon to perpetrate the killing." Later on in that opinion, the Court of Appeals refers to those paragraphs as guidelines and *the Court will use this as a guideline in this case as to the obligations of an examining magistrate.* [Emphasis added.]

Our Supreme Court in *People v King,* 412 Mich 145; 312 NW2d 629 (1981), specifically addressed *Oster, supra,* and held that the magistrate is to examine the whole record. The magistrate has " 'the duty to pass judgment not only on the weight and competency of the evidence, but also the credibility of the witnesses' and may consider evidence in defense." *King, supra,* p 153. Questions of conflicting evidence and reasonable doubt of the defendant's guilt must be left for the trier of fact. *King, supra,* pp 153-154.

In the instant case, the magistrate's inquiry was too narrow. Even though he made a finding that the deceased was the aggressor and that there was a heated argument and fight in progress, he felt obligated to bind over defendant on murder based on *Oster, supra.* This was an abdication of his duty to exercise his discretion and, therefore, it is error requiring reversal. *Salazar, supra,* p 252.

The conviction is reversed and the second-degree murder charge is quashed.