*Michigan Supreme Court*
*Lansing, Michigan 48909*

# Opinion

Chief Justice
Maura D. Corrigan

Justices
Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Clifford W. Taylor
Robert P. Young, Jr.
Stephen J. Markman

**FILED APRIL 3, 2001**

PEOPLE OF THE STATE OF MICHIGAN,

    Plaintiff-Appellant,

v                                 No. 116976

CHARLES M. DUNBAR,

    Defendant-Appellee.

_____

PER CURIAM

Faced with an adverse ruling that would have required a police officer to provide information that likely would have allowed the accused to determine the identity of the confidential informant in his case, the assistant prosecuting attorney moved to dismiss during the preliminary examination. At a second examination, a different judge ruled in the prosecution's favor on the disputed point and bound the defendant over for trial. The circuit court dismissed this

criminal prosecution on the ground that the defendant was denied due process of law.  The Court of Appeals affirmed.  We reverse.  MCR 7.302(F)(1).

I

A confidential informant told a Muskegon police officer that the defendant possessed cocaine.[1]  Later that day, the officer found the defendant walking along a local street.  The officer approached the defendant, telling him to remove his hands from his pockets.  At first, the defendant removed only one hand.  Told to remove his other hand, the defendant did so, grasping plastic bags that later were found to contain drugs.  The defendant was arrested and charged with two drug offenses.[2]

A visiting judge convened a preliminary examination,[3] at which the officer testified regarding the facts set forth

---

[1] This case has not been tried.  These introductory facts, which we offer to explain the context of later rulings, are taken from the preliminary examination transcripts.

[2] The defendant is charged with possession of less than 50 grams of cocaine with intent to deliver, and with possession of marijuana with intent to deliver.  MCL 333.7401(2)(a)(iv), (d)(iii); MSA 14.15(7401)(2)(a)(iv), (d)(iii).  On the basis of a 1993 conviction for attempted delivery of less than 50 grams, the prosecuting attorney also gave notice that the defendant is subject to an enhanced sentence.  MCL 769.10; MSA 28.1082.

[3] On the date initially set for examination, the defendant asked for appointment of counsel, which led to an adjournment.  On the date to which the examination was adjourned, the assigned judge was in another state. Thus, the visiting judge presided.

2

above. On cross-examination, as defense counsel asked the officer about the informant, the following occurred:

> *Q.* . . . On this particular day, on January 27th, 1999, [the day the officer arrested defendant] did you personally have contact with this person [the confidential informant]?
>
> *A.* Yes I did.
>
> *Q.* And what time did the informant indicate to you the information that he conveyed.
>
> [*Assistant Prosecutor*]: Your Honor, I'd object to that. Time isn't relevant in this matter. There is case law that protects the confidentiality of a confidential informant by not requiring the specifics of time and location to be divulged. And, again, if, obviously, the Defendant was charged with——with the actions that occurred when the CI was present, then that would become relevant, but that's not the case at this point.
>
> *The Court*: Well, I find the contrary to be true. The proximity of the time that he was informed that we have an alleged felon running around here, I think, is important as to whether he acted fortuitously and propitiously at the time.
>
> [*Assistant Prosecutor*]: Your Honor, again, I'd ask the Court to allow me to supply case law, because, again, that could jeopardize . . .
>
> *The Court*: Let's just go. Let's just proceed.
>
> [*Defense Counsel*]: Your Honor, I . . .
>
> [*Assistant Prosecutor*]: Your Honor, the People are moving to dismiss the case, then, your Honor, if you're going to force our hand on that. We will move to dismiss.
>
> *The Court*: I'm not forcing your hand on anything.
>
> [*Assistant Prosecutor*]: Maybe I misunderstood the Court, then. Is the Court . . .

3

*The Court*:  No.  Im just saying there is a matter——Does he have probable cause to make contact with him——Proximity of time.  That is an element.

[*Assistant Prosecutor*]:  He's indicated it was that day, your Honor.  I don't think he has to get to within the hour.

*The Court*:  Well, he didn't say that.[4]  We never got around to his answering that question.

[*Assistant Prosecutor*]:  He did say on direct, your Honor.

*The Court*:  No.  He never got around to answering [defense counsel's] question. [Defense counsel] is interested in knowing, first, it was on that day what time that day, "How long before you made the arrest."  I think he has a right to know that.

[*Assistant Prosecutor*]:  I am going to move to dismiss the case, your Honor.  I am not going to force this officer to do that.

*The Court*:  Well . . .

[*Assistant Prosecutor*]:  Again, in this situation——I would ask the Court, your Honor, to allow me to supply case law.  This is a serious felon.  We've also got a situation where a confidential informant could be jeopardized——their safety.  Individuals that are involved in drug trade often, your Honor, will intimidate and even physically injure confidential informants.  I would think it would be appropriate for the Court to at least look at our case law.  I think it supports the position . . .

*The Court*:  Well, why don't you come prepared with it.

[*Defense Counsel*]:  Well, your Honor, I guess in response, the Prosecutor . . .

---

[4] This was in error, as the officer had testified that he had spoken with the informant earlier in the day that he arrested the defendant.

4

[*Assistant Prosecutor*]:  Five minutes is all I need, your Honor.

[*Defense Counsel*]:  . . . the Prosecutor has indicated that——and I think the Court is aware that his particular information——and I don't question that there is case law that suggests that there are limits on Defense's ability to probe into who and where and when and what a confidential informant is.  My problem is is that that is the sole basis for the officer's contact with Mr. Dunbar in this case, and if the Prosecutor, as the Court has just indicated, knowing that long ago, chooses not to disclose, then he certainly is free to dismiss, and we don't object.

[*Assistant Prosecutor*]:  Judge, I'm asking for five minutes to supply the Court with the case law.

*The Court*:  I'm not interested.  Dismiss it, then.

[*Assistant Prosecutor*]:  Your Honor, the People in this matter will move to dismiss.

*The Court*:  All right.  Dismiss it and start it all over again.

Later that day, the prosecuting attorney issued a new complaint and obtained a new warrant.  Thirteen days later, a second preliminary examination was conducted by a different judge.[5]

---

[5] It is not clear how the case came to the courtroom of the second district judge.  When the parties discussed the matter, the second judge offered to transfer the case back to the assigned judge.  Defense counsel observed, however, that the assigned judge had not presided at the first examination, so the second examination would be conducted by a new judge in either event (apparently there was no thought of bringing back the visiting judge to hear this matter again).  In response to the offer to move the case back to the assigned judge, defense counsel said, "If we're going to get a new judge, hopefully it shouldn't matter which one."  Asked what he wanted to do, defense counsel replied, "Let's go."  The matter was then heard by the second judge.

The second examination proceeded in nearly identical fashion to the point where defense counsel[6] again asked when the officer had met with the confidential informant. When the assistant prosecutor interposed the same objection, a similar argument ensued.

The court eventually ruled that defense counsel could inquire whether the conversation had occurred within the preceding eight hours, but the court would not allow the questioning to be more specific than that. At the conclusion of the preliminary examination, the defendant was bound over for trial.

In circuit court, the defendant filed a motion to suppress and to quash. He argued that evidence taken at the time of the arrest should be suppressed because there was insufficient cause for the stop, that he should not have been bound over for trial because there was insufficient admissible evidence, and that the second examination, following the dismissal during the first, was a denial of due process.

The circuit court granted the motion to quash, agreeing that the defendant had been denied due process. The court's oral opinion is well summarized in its ensuing order:

---

[6] At the second examination, the defendant was represented by a partner of the lawyer who represented him at the first. The assistant prosecuting attorney was also new. Both lawyers, however, were familiar with what had occurred at the first examination.

6

Defendant's motion to quash the bindover is granted for the reason that the defendant's United States Fourth [sic] Amendment right to due process of law was violated when the prosecutor dismissed the case during a preliminary examination and immediately reauthorized the same complaint causing the case to be assigned to a different judge. The court finds that the prosecutor did so to avoid an adverse ruling and did no further investigation. Further the court finds the prosecutor presented the same evidence at the second preliminary examination, this time obtaining a favorable result.

The court finds the prosecutor's actions to be inappropriate harassment or forum shopping pursuant to *People v George*, 114 Mich App 204; 318 NW2d 666 (1982), lv den 414 Mich 931 (1982), and other, later, cases noted in the transcript of the 8/4/99 hearing. Therefore the case is dismissed and the defendant discharged.

The prosecuting attorney appealed, but the Court of Appeals affirmed.[7]

In the wake of that affirmance, the prosecuting attorney has applied to this Court for leave to appeal.

II

MCR 6.110 governs preliminary examinations. Subrule (F) provides:

If, after considering the evidence, the court determines that probable cause does not exist to believe either that an offense has been committed or that the defendant committed it, the court must discharge the defendant without prejudice to the prosecutor initiating a subsequent prosecution for the same offense. Except as provided in MCR

_____

[7] Unpublished opinion per curiam, issued May 9, 2000 (Docket No. 221978).

7

8.111(C),[8] the subsequent preliminary examination must be held before the same judicial officer and the prosecutor must present additional evidence to support the charge.

Plainly, MCR 6.110(F) is silent on the question whether it is permissible to conduct a subsequent preliminary examination where an initial examination has resulted in a dismissal that occurs *before* the district court makes a determination whether there is probable cause.[9]

In the present case, the Court of Appeals noted the inapplicability of the rule, and then based its decision on principles drawn from its own prior decisions:

> In addition to the provisions of the court rule, subjecting a defendant to repeated preliminary examinations violates due process if the prosecutor attempts to harass the defendant or engage in judge-shopping. *People v Robbins,* 223 Mich App 355; 566 NW2d 49 (1997). Among the factors to be considered in determining whether a

---

[8]

> If a judge is disqualified or for other good cause cannot undertake an assigned case, the chief judge may reassign it to another judge by a written order stating the reason. To the extent feasible, the alternate judge should be selected by lot. The chief judge shall file the order with the trial court clerk and have the clerk notify the attorneys of record. The chief judge may also designate a judge to act temporarily until a case is reassigned or during a temporary absence of a judge to whom a case has been assigned. [MCR 8.111(C).]

[9] Because the court rule does not address the situation at hand, the dissent's claim that we are undermining the court rule by indirection is without merit. However, concomitant with issuance of this opinion, we are opening an administrative file to consider whether to revise MCR 6.110(F) to include situations where a dismissal occurs during a preliminary examination.

due process violation has occurred are the reinstitution of charges without additional, noncumulative evidence not introduced at the first preliminary examination, the reinstitution of charges to harass, and judge-shopping to obtain a favorable ruling. *People v Vargo,* 139 Mich App 573, 578; 362 NW2d 840 (1984).

In *Robbins*, the first preliminary examination went through to conclusion, with the magistrate ruling that the evidence was insufficient for a bindover. Additional evidence was presented at a second examination, and the defendant was then bound over for trial. On appeal, the Court of Appeals explained that MCR 6.110(F) allows a second preliminary examination if "additional" evidence—which need not be newly discovered—is presented at the second examination. The *Robbins* panel added:

> Our holding should not be construed to encourage a prosecutor to subject a defendant to repeated preliminary examinations. We reaffirm this Court's holding that subjecting a defendant to repeated preliminary examinations violates due process if the prosecutor attempts to harass the defendant or engage in "judge-shopping." *People v Stafford*, 168 Mich App 247, 251; 423 NW2d 634 (1988);[10] *People v Vargo*, 139 Mich App 573, 578;

---

[10] In *Stafford*, the defendant was charged with open murder and bound over on a charge of involuntary manslaughter. The prosecuting attorney moved the circuit court to remand the case to district court for further examination. The motion was granted and, after the second examination, the defendant was bound over on a charge of second-degree murder. After a jury found her guilty of manslaughter, she appealed. The Court of Appeals found the remand erroneous and further held that the evidence was insufficient for the second-degree murder bindover. This Court agreed that it was error to bind the defendant over on the second-degree murder charge, and thus did not reach the question whether the remand had been proper. *People v Stafford*, 434 Mich 125, 132; 450 NW2d 559

9

362 NW2d 840 (1984).[11]  [223 Mich App 363.]

Stating its reliance on those principles, the instant Court of Appeals panel reached the following conclusion regarding the case before us today:

> The circuit court did not clearly err in finding that defendant's due process rights were violated in this case.  Where the prosecutor did not present any additional evidence, and did not cite any legal authority for his argument, he presented exactly the same case to two different judges.  The circuit court could reasonably conclude that the prosecutor engaged in impermissible judge-shopping.  *Id.; People v George*, 114 Mich App 204; 318 NW2d 666 (1982).[12]

---

(1990).

[11] The magistrate in *Vargo* dismissed the charge after a preliminary examination.  The prosecutor issued a new complaint and reinstituted the charge.  Additional evidence was presented at the second examination, which took place before the same judge.  The Court of Appeals found no denial of due process, saying that, "[w]hile the new evidence could have been introduced at the first preliminary examination, the failure to do so was more a product of neglect than a deliberate attempt to harass defendant."  139 Mich App 578.

[12] The opening paragraph of *George* summarizes the case:

> When a trial judge has found no probable cause to hold a defendant for trial and the prosecutor has appealed that decision, may the prosecutor seek to dismiss the appeal and bring new charges against the defendant when he has discovered no new evidence?  We believe that, on the facts of this case, this procedure violates a defendant's right to due process of law.  114 Mich App 206.

The Court of Appeals said in *George* that a second preliminary examination was not double jeopardy, and did not violate principles of res judicata or collateral estoppel. In finding a due process violation, however, the Court of Appeals observed that "these defendants were subjected to judge shopping."  114 Mich App 211.

10

The issue in this case is whether the circuit court erred in quashing the information on the legal ground that defendant's due process rights were violated as a result of prosecutorial misconduct. Thus, this case presents a constitutional question which we review de novo. *People v Sierb*, 456 Mich 519, 522; 581 NW2d 219 (1998).

IV

The circuit court and the Court of Appeals have premised their rulings on the assumption that the assistant prosecutor was engaged in impermissible judge-shopping. A careful review of the record, however, does not support that conclusion. The assistant prosecutor's stated intent was to avoid divulging the identity of a confidential informant, lest the informant come to harm. When the court overruled the prosecutor's objection, the prosecutor had no choice but to dismiss the charges or to require the officer to provide information that likely would allow the defendant to determine the identity of the confidential informant. Absent evidence of pretext, or an underlying contrary motive, nothing in the record suggests that the dismissal was designed to accomplish anything other than the prosecutor's stated intent.

We note that the prosecutor did not immediately seek to dismiss the case when the judge indicated that he thought defense counsel was entitled to have the police officer

specifically indicate when he had spoken to the confidential informant.  Faced with this preliminary ruling, the assistant prosecutor merely asked the court for a five-minute recess so he could locate authority in support of his position.  This does not suggest that the assistant prosecutor intended to engage in judge-shopping.  Moreover, the reaction of the judge to the assistant prosecutor's statement that he would dismiss if he could not have five minutes to locate the authority, does not suggest that the judge believed the matter was being set up for judge-shopping to occur.  Indeed, the judge specifically indicated that the prosecutor could dismiss the case and "start it all over again."  Finally, as the circuit judge recognized, there is no evidence that the assistant prosecutor knew the identity of the second judge.  Given the fact that the visiting judge had visited with some regularity, it was by no means certain that a dismissal would result in the case being heard by a different judge.

Accordingly, there is no record evidence to support the circuit court's determination that the assistant prosecutor sought a dismissal of the charges in hope of obtaining a more favorable substantive result before a different judge. Nor is there any reason to assume the assistant prosecutor, an officer of the court, was not telling the truth when he

explained his reasons for the dismissal.[13]   Because the assistant prosecutor's apparent objective was to prevent the disclosure of the confidential informant's identity, the cases relied on by the circuit court and Court of Appeals do not support the decision to dismiss this prosecution.   A prosecutor who seeks dismissal, under circumstances such as these, is simply not "judge-shopping."[14]

---

[13] All licensed attorneys in Michigan are subject to the following provisions intended to ensure candor:

(1) this state's licensure of attorneys, MCL 600.901; MSA 27A.901, provides that the members of the State Bar of Michigan are officers of the courts of this state, and in order to obtain a license to practice law one must prove to the satisfaction of the Board of Law Examiners that one is "a person of good moral character," MCL 600.934(1); MSA 27A.934(1), which is defined to mean "the propensity on the part of the person to serve the public in the licensed area in a fair, honest, and open manner," MCL 338.41; MSA 18.1208(1);

(2) the solemn oath, as prescribed by this Court pursuant to MCL 600.913; MSA 27A.913, taken by a lawyer before a Michigan judge upon admission to the bar, wherein the applicant solemnly swears never to mislead the judge or jury by any artifice or false statement of fact or law;

(3) MRPC 3.3, which provides that "[a] lawyer shall not knowingly make a false statement of material fact or law to a tribunal"; and

(4) MCR 9.103(A), which provides that a license to practice law "is a continuing proclamation by the Supreme Court that the holder is fit to be entrusted with professional and judicial matters and to aid in the administration of justice as an attorney and counselor and as an officer of the court."

Therefore, in the absence of evidence to the contrary, we will accept a licensed attorney's assertion to a court.

[14] The dissent, believing defendant's due process rights were violated, would affirm a dismissal of all charges against

13

For these reasons, we reverse the judgments of the Court of Appeals and the circuit court, and reinstate the bindover decision of the district court. We remand this case to circuit court for further proceedings, including a decision on the defendant's motion to suppress.

**CORRIGAN, C.J., and WEAVER, TAYLOR, YOUNG, and MARKMAN, JJ., concurred.**

---

defendant. We question that this remedy would be appropriate even if we were persuaded that the assistant prosecutor had engaged in judge-shopping. In such a situation, we likely would remand to the Court of Appeals to determine whether the proper remedy would be continuation of the original examination before the original judge, rather than a dismissal with prejudice, inasmuch as jeopardy had not attached.

14

# S T A T E   O F   M I C H I G A N

## SUPREME COURT

PEOPLE OF THE STATE OF MICHIGAN,

    Plaintiff-Appellant,

v                                                            No. 116976

CHARLES M. DUNBAR,

    Defendant-Appellee.
_____

KELLY, J. (*dissenting*).

I would affirm the decisions of both the Court of Appeals and the circuit court. The prosecution's initiation of a second preliminary examination, without introducing new evidence, violated defendant's due process right to a fair proceeding.

### A

The prosecution brings an issue of first impression to this Court, although the Court of Appeals has addressed it

several times.[1] The prosecution filed a criminal action against defendant Dunbar a second time with no new evidence after having obtained dismissal of an identical action during the preliminary examination. When presented with a similar factual situation, the Court of Appeals has held consistently that it constitutes judge-shopping in violation of the accused's right to due process.

> Among the factors to be considered in determining whether a due process violation has occurred are the reinstitution of charges without additional, noncumulative evidence not introduced at the first preliminary examination, the reinstitution of charges to harass and judge shopping to obtain a favorable ruling.[2]

This case is factually similar to *People v Walls, supra.* In *Walls*, the prosecution wished to present a mother's testimony reciting statements that her three-year-old daughter had made to her. *Id.* at 693. At the first preliminary examination, the magistrate admitted the statements. However, the circuit judge, after ruling the statements inadmissible, granted defendant's motion to quash the testimony and remanded the case to the magistrate. *Id.*

---

[1] *People v George*, 114 Mich App 204; 318 NW2d 666 (1982); *People v Walls*, 117 Mich App 691; 324 NW2d 136 (1982); *People v Vargo*, 139 Mich App 573; 362 NW2d 840 (1984); *People v Turmon*, 128 Mich App 417; 340 NW2d 110 (1983); *People v Starlard*, 153 Mich App 151; 395 NW2d 41 (1986); *People v Stafford*, 168 Mich App 247; 423 NW2d 634 (1988).

[2] *Vargo, supra* at 578, citing *George, supra; Turmon, supra;* and *Walls, supra.*

A second preliminary examination was held. The prosecution, apparently assessing that it would be unable to gain admission of the mother's testimony, secured a dismissal of the case. *Id.*

It then refiled the same charges against the defendant. *Id.* at 694. A third preliminary examination was held, this time before a different magistrate who, notwithstanding the circuit judge's earlier ruling, admitted the hearsay statements. *Id.* A second circuit judge found a violation of due process. The Court of Appeals agreed:

> A clearer case of judge shopping does not come to mind. Rather than appeal the unfavorable evidentiary ruling, a remedy available to the prosecutor, MCL 770.12(1)(c); MSA 28.1109(1)(c) [see 1977 PA 34], the prosecutor here requested dismissal and started all over again. He thereby freed the proceedings of the unfavorable ruling. The issue of the tender-years exception to the hearsay rule could be reargued before a different judge with the chance that this new judge might be persuaded by the prosecutor's argument. [*Id.* at 697.]

Similarly, the prosecution in the instant case dismissed the case after the magistrate ruled against it on an evidentiary matter. When the magistrate denied the prosecution a recess to research case law supporting its position, it moved to dismiss, and the motion was granted.

The prosecution immediately refiled the charges. At the second preliminary examination, another prosecuting attorney presented the same case and the same witness. Notably, he did

3

not come prepared with the case law his colleague needed during the first preliminary examination. In fact, he requested a short break during the proceedings to find the case law. This time, however, the magistrate ruled in his favor, admitting the testimony.

Like the prosecutor in *Walls*, the prosecutor in this case "freed the proceedings of the unfavorable ruling," then reargued it before a new judge. *Walls, supra* at 697. In granting defendant Dunbar's motion to quash the bindover, the circuit judge determined that "the prosecutor felt he couldn't do any worse" than at the first preliminary examination and "it was best to take his chances with . . . a different judge . . . ." Also, the magistrate found it persuasive that the prosecutor had not appeared with any new case law. "He was in the exactly the same spot, uttering almost the same words" as had the first prosecutor.

The prosecution asserts that it was motivated by a desire to protect the identity of a confidential informant. Although the end is laudable, without dispute, the prosecution was not entitled to judge-shop to accomplish it.

If the prosecution assessed that dismissal of the case was necessary to protect the confidential informant, then refiling it was not a good option. If its concern was simply that the evidentiary ruling was erroneous, it should have

taken an appeal from it. A fair reading of the record supports the conclusion that what the prosecution hoped to do in refiling was to convince a different judge to rule in its favor.

B

I agree with the circuit court and the Court of Appeals that MCR 6.110(F) does not apply directly to this case.[3] It states:

> If, after considering the evidence, the court determines that probable cause does not exist to believe either that an offense has been committed or that the defendant committed it, the court must discharge the defendant without prejudice to the prosecutor initiating a subsequent prosecution for the same offense. Except as provided in MCR 8.111(C), the subsequent preliminary examination must be held before the same judicial officer and the prosecutor must present additional evidence to support the charge.

In its decision here, the majority by indirection undermines MCR 6.110(F). It invites a prosecutor who senses an imminent unfavorable ruling at a preliminary examination to avoid the requirements of MCR 6.110(F) merely by moving to dismiss. Having obtained a dismissal, the prosecutor can then refile the charges, draw a different judge, and present the same case without introducing new evidence.

---

[3] Unpublished opinion per curiam (Docket No. 221978), p 2.

5

## Conclusion

The prosecution in this case engaged in judge-shopping, violating defendant's due process rights. The circuit judge properly granted defendant's motion to quash the bindover.

CAVANAGH, J., concurred with KELLY, J.